IN The District Court of Mississippi
Southern District

Armstrong J. Knight                                    Plaintiff
                    V.                    Action No.    1:05 CV.186-LG-JMR.
George Payne jr. et al                                 Defendant's

Motion of Amend
of Complaint.



Come's Now, The plaintiff, Armstrong J. Knight, and file's this,
   His motion to amend his Complaint in accordance to Court
   order dated May 12th 2005.

The plaintiff dose assert that he is a pro-se litigant and preform's to
   the best of his abillity. he Currently Is Incarcerated without the be-
   -nifit of any legal assistance, by mean's of personel, or acess to legal
   material and is adressing through state Remidy procidure. He ask that the
Court be patent and understanding with him with the above understanding.

                        I

   the plaintiff, for safe meausre, Re-assert's that at the time of all the below
time frame's was a pre-trial, Non-Convicted detainee. it is his understanding
that the fight's Retained by pre-trial detainee's are at least as great as those
Reserved by Convicted prisoner's, see 21, u.s.c. § 848 (9)(4)(B)(2000) and;
Washington v. laporte County sheriff Dep't. 306, F.3d. 515, 517, (7th Cir 2002). the
proper review pretaining to Non-Convicted, pre-trial detainee lye within the 5th
and 14th amendment's u.s. Constitution, see Bell v. Wolfish, 441, u.s. 520, 545, (1979)
because pre-trial detainee's are innocent untill proven guilty they are not subject
to punishment. abuse is a form of punishment whare due process is at least
extensive for pre-trial detainee's, as the 8th amendment is for prisoner's, see
sanders v. Sheahan, 198, F.3d. 626, 628, (7th Cir 1999). as well as medical Care ect:

                        1 of 31

. See Gibson v. County of Washoe, 290, F.3d. 1175, 1187, (9th Cir 2002). Where the plaintiff preserve's his pre-trial status He assert's the violation's made against him under the 5th and 14th, also otherwise 8th amendment's U.S. Constitution.

## II

The plaintiff set's forth as directed by the court, how each defendant had violated his Constitutional right's, declaring that the continuing and ongoing manner in which the right's of the plaintiff were violated, created a interrelation of right deprivation among the defendant's. the plaintiff focuse's on each defendant indivisualy.

## III

A.) Specifically how defendant George Payne Jr violated my Constitutional right's.

Defendant George Payne violated the plaintiff's 5th, 14th, 8th amendment Constitutional right's to be free from abuse, unsanitary housing conditions, being cruel and unusual punishment, also religion slander by deliberate indifference, failing to act reasona- -bly after being aware. The plaintiff had endured month's of abuse from correctional offi- -cer's in prospective incident's at the jail, continuace month's of unsanitary housing (ie. No change of clothe's, shower material, day's without shower's) and Religious slander by a Jail official's. The plaintiff had contacted his brother, a Edward Knight, who in turn had contacted sheriff Payne at the sheriff Dpt. Edward Knight at that time discussed these issue's of housing conditions, telling defendant Payne of the abuse's, injury's sustained that were personally witnessed by edward knight, and the report's of unsanitary conditions and religious slander; at this time defendant Payne relayed concern to the issue's, Edward Knight emphasized the Need for a review of the condition's, directly asked defendant Payne to stop the ongoing abuse's and conditi- -on's. telling defendant Payne he was going to proceed to the Bord of Supervisor's and the state. defendant Payne relayed that it would not be necessary. Following this meeting the plaintiff was Never called upon for research or investigation, was not contacted by any official's con cerning the contact. after that time the plaintiff Continued to suffer abuse and housing condition's, they continued to occur for

2

Long period's after word's.

Defendant Payne being the Chief Correctional Officer for Harrison Co. violated the plaintiff's Constitutional right's when he acted with deliberate indifference, failing to act reasonably after being informed about the plaintiff's housing Conditions that exposed him to serious phisical and health harm, see Helling v. McKinney, 509, u.s. 25, 33 (1993) defendant Payne Could have prevented these harm's if he responded reasonably. see Estelle v. Gamble, 429, u.s. 97, 103 (1967)

## IV

B.) Specifically how defendant Diane Gatson-Riley violated his Constitutional right's

Defendant Gatson-Riley violated the plaintiff's 5th, 14th 8th amendment Constitutional right's to be free of unsanitary housing, abuse, excessive use of force, religious Slander and failure to assist in any way by deliberate indifference, failing to act reasonably after and when Defendant Gatson-Riley was Contacted by the plaintiff, and actually adressed issue's by grevence, being aware and failing to assist, or bring the Conditions to a stop. Whate the plaintiff repeatedly Contacted the defendant and endured abuse, ect: for long periods of time afterword's.

The plaintiff, after each incodent of abuse had grevenced the acting and surounding officer's to defendant Riley. the plaintiff stated specifically stated the Circumstance's and abuse's, Conduct of the officer(s). Defendant Riley would sometime's and sometime's not respond. de--fendant Riley would acknowledge a issue of abuse or state excessive use of force had occured, but failed to diciphne any officer's and/or relay to the plaintiff that he would be assisted. additionaly the plaintiff grevenced a officer Cooke and Woulkard, saying he was in fear of them because of their virbal threat (ing) questure's and abusive practice's to other inmate's. at this time defendant Riley denied the request, the plaintiff was assulted by officer Cooke aprox a day latter and Woulkard month's latter. whareas the plaintiff had requested defendant Riley to Conduct some kind of restrictive or of Controling authority over these officer's. defendant Riley's denial to request resulted in the plaintiff sustaining serious injury. while defendant Riley was allready aware of the officer's abusive history.

3

The plaintiff after being deprived of all of his belonging's had grevenced the action's of a officer who packed and took all of the plaintiff's property from his Cell. Moving the property to a seprate zone and never retrieved it back. defendant Riley did not respond to the grevence. after the non-response the plaintiff begain submitting request that he had no Change of Clothe's, his Condition was becoming real dirty, the only pair of uniform he had he was wearing, forceing him to be nakid on day's laundry was opprating. he told defendant Riley that the officer took all his extra under Clothe's (i.e. sox, underware, "long John's") and he had no towel. he requested that his Clothe's be replaced. the plaintiff recieved no response to his grevence's. at one point he was prevented from receive form's so he wrote on barrowed paper. the plain--tiff never received his property back nor received any new item's through the assistance of defendant Riley whare as the Condition and Continuing Contact exceeded two month's.

Furthermore; defendant Riley failed to assist the plaintiff upon being beat and shot by a team of Biloxi task force police officer(s), he grevenced the incadent the next day, he rased issue's of being undeservedly beat and shot, not being provided medical help and the Cell never being Searched. defendant Riley had denied the grevence, placing the plaintiff to be blamed, she did not Committ on no medical assistance. the plaintiff had appealed asking for an investigation whare he had fact's to offor, and witnesses suporting his veiw of action's taken. the grevence appeal was denied stating the matter was settled. the inj-ury's are so severe he had lost a part of feeling in his leg. defendant Riley again failed to respond reasonably to his plea of assistance, each grevence was of significant inpor--tance. the plaintiff at this time was in lockdown (Hole)

see, Hewett v. Jarrard 986, F.2nd, 1080, 1085-86 (11th Cir 1986) the diliberate indiffrence violated his right's, see, Helling v. McKinney, 509, u.s. 25, 33 (1993) defendant could have prevented abuse's, unsanitary Condition's ect: if acted reasonably with an investigation or inquary, see, Estelle v. Gamble, 429, u.s. 97, 103 (1976) Being the Mayor of the ficility defendant Riley had a duty to protect the plaintiff from violent treatment of gaurd's, see Whitley v. Albers, 475, u.s. 312, 319 (1986)

(1.)    specifically how defendant Rick Gaston Violated his Constitutional right's

Defendant Gaston violated the plaintiff's 5th, 14th, 8th amendment Constitutional right's against abuse/excessive use of force and 1st amendment right concerning religion and slander thereof. failing to provide medical treatment

Defendant Gaston enterd the housing block with multitude's of staff with white "t-shirt's and K-9 dog's. no disturbance's were had at this time, defendant Gaston came to the plaintiff's Cell and orderd him to lay on the ground, face down with arm's streched out. the plaintiff Complied, defendant gaston enterd the Cell with unidentified officer's. the def-endant told the plaintiff to remain his position, asking him if he was "the one" giving his officer's problem's (at this time the unidentified officer's were mistreating the plaintiff, putting their feet on him by kicking his rib's, telling him to shut up when he was responding to def-endant gaston) defendant gaston begain telling him defendant dident want to hear about him. at this time defendant Gaston became phisical putting his foot on the back of the plaintiff's Neck saying the plaintiff wasent so tough in his Current position, defendant Gaston started yelling at him about his earlyer Contact with another officer, begain to kick the plaintiff's face asking him if it felt good. when the plaintiff tryed to reply he was yelled at. after miniute's of the treatment defendant gaston steped on, and over the plaintiff's back as if he was a steping stone. defendant gaston had looked around the Cell in which scripture's were written on the wall's, defendant asked him if he had done it, Continuing by Calling him a "Jesus freak" yelling at him with similar quote's. when defendant gaston seen the plaintiff's nose bleeding from being kicked in it he told the plaintiff to not get off the ground untill the door was shut and locked, as he left he told the plaintiff to Clean the stuff off of the wall's. when the door was shut the plaintiff yelled "what's up with a doctor, my nose is bleeding" there was no reply and no medical person's Came.

The plaintiff had sustained serious re-injury by being kicked in the face, as well as having his neck and back steped on. At the time the defendant encounterd the plaintiff there was no disturbance. No disruptive action of the plaintiff. defendant

Gaston acted with the intent to cause injury and pain. the defendant's action's contribute to the plaintiff's current permanate back and neck problem's and had a change of religon by cause of not wanting to be a "Jesus freak". the plaintiff was assulted even while complying with order's rendering himself in a non-leathal/agressive position. see Dellis v. Corr. Corp's of Am. 257, F. 3d. 508, 512, (6th cir 2001) and Helling v. McKinney, 509, U.S. 25, 33 (1993) and Thaddeus-x v. Blatter, 175, F. 3d. 378, 403 (6rn Cir 1999)

## VI

D.) Specifically how defendant Phill Taylor violated his constitutional right's

Defendant Taylor violated the platiff's 5th, 14th, 8th amendment constitutional right's to be free of serious bodily and helth harm, failing to allow the plaintiff to call family, conduct and control a orderly shakedown and fail to assure medical attention..

Defendant taylor was contacted by the plaintiff who was beaten by other officer's the plaintiff grevenced to defendant Taylor telling Taylor the serious injury sustained. defendant failed to respond to the plaintiff or assist him in any way, even when personally seen in jail hallway's. the plaintiff had contacted a friend who contacted internal affair's and defendant taylor who then summond the plaintiff who disclosed what happend, defendant Taylor would not summon the officer's or allow the plaintiff to file a complaint. during the photo taking of injury's defendant Taylor orderd the plaintiff to follow I.A.'s order's which distroyed the point of photo taking. the plaintiff had requested the abusing officer's to be repremanded and ordeid to stay distant from him, defendant taylor also denied that and request to take action to prevent further abuse. the plaintiff had been abused on latter date(s). defendant Taylor's reaction during the photo-taking was that the injury's were not severe or harsh.. Addionally; the plaintiff was abused at on a latter date fileing grevence to defendant taylor that aside from abuse issue the collect calling phone's were off, he asked the defendant to turn the phone's back on so he can call home. defendant taylor had never replied to either the abuse or phone portion of the grevence.. Furthermore; the plaintiff on this ocasion sustained serious injury's whare defendant Taylor was directing official during a jail wide shakedown

The shakedown was being Conducted by Harrison Co. Jail officer's, fully masked and geared Biloxi task force police and unidentified official's in green uniform. defendant Taylor was acting overseer of opporations of all the official's involved in the shakedown. upon understanding the unusual activity of lockdown the plaintiff had orginized his belongings so they were easly accessed. defendant Taylor enterd the area directing officer's of groop's to seprate area's to begin shaking down. member's Numbering 9 to 12 Biloxi task force police enterd the plaintiff's foyer, while following order's the plaintiff had gotten beatten and shot, handcuff, shackled and dragged to a wall.. during all this time defendant taylor was Continualy directing order's to shakedown staff, while along – side a wall defendant taylor had Came to the plaintiff and seen his injury's and then spoke to the plaintiff who told defendant if feel's like his leg was broken, that he want's a doctor. defendant taylor told him he was Not the only one who got shot and it wasent that bad. the plaintiff remained in his position for more than 45 minute's.. after being released from his restraint's and returned to his Cell finding his Cell was Never searched and had to spend all night in his Cell without any medical help.. the next day Contacting family who caused Internal affair's (I.A) and medical staff to attend to his need's. the plaintiff imidiately greved this issue to defendant taylor and other's. defendant taylor failed to respond to the grevence and request of investigation, even after the plaintiff listed issue's and witnesses suporting the plaintiff was treated unnecesary and brutaly. also disclosing the Cell was not Searched and did not reckive any medical treatment untill long after injury's sustained.

The plaintiff's institutional Condition's were unconstitutional and he was not afforded any avenue of releif through defendant Taylor, or through other mean's at time's like Contacting family ect. defendant Taylor allowed official's to run around the Jail like a pack of wild wolf's welding potentialy leathal wepon's in which the plaintiff was shot with. afterword's being Neglected by defendant taylor who failed to assure any dammage Controol, being the directing officer. see Combs v. Wilkinson 315, F.3d. 548, 559 (6th Cir 2002), diliberately indiffent to injury Gibson v. County

of Washoe, 290, F.3d. 1175, 1187 (9th Cir 2002) and Gregory v. Shelby County, 220, F.3d, 433, 445, (6th Cir 2000) also, Walker v. Benjamin, 293, F.3d. 1030, 1037, 39 (7th Cir 2002) and Farmer v. Brennan, 511, u.s. 825, 812 (1995)

## VII

E.)  Specifically how defendant unknown Everett violated his Constitutional right's

Defendant Everett violated the plaintiff's 5th, 14th, 8th amendment Constitutional right's to be free from abuse or excessive force by diliberate indiffience.

Defendant Everett, a internal affair's (I.A.) officer for harrison County Jail, had first come into Contact with the plaintiff on a unrelated abuse issue with a sepirate inmate, where the plaintiff had been a witness. aprox two day's pryor to being inter--vewed by defendant Everett, the plaintiff himself was beaten by a officer. on the day of interview with defendant everett the plaintiff's eye was black from his own beating. the plaintiff had been escorted by the same officer who beat him causing the black eye..the plaintiff was taken to defendant everett who had introduced himself and taken the plaintiff's statement. after the statement was taken the plaintiff was asked about his black eye, the plaintiff told defendant Everett he too was beaten and the abuseing officer has escorted him and was standing outside the door. defendant everett took the plaintiff's Name on paper but Neglected to follow up on the issue. addionaly; the plaintiff and his family Contacted the ~~plaintiff~~ defendant Everett, who persistantly disregaurded the plaintiff's issue's as irrelevant or minor. the plaintiff would sustain serious injury's where the defendant Everett would fail to pursue the issue to assist the plaintiff to receive relief or secure safty in any manner whatsoever. defendant everett would not allow the plaintiff to file a Complaint and refused to assist the plaintiff in adressing the abuse issue's to prevent future or further abuse which had happend. see, Helling v. McKinney, 509, u.s. 25, 33 (1993) failing to respond reasonably to current and future abuse's, see Estelle v. Gamble, 429, u.s. 97, 103 (1976), as internal affair's he had a duty to protect the plaintiff Whitley v. Alber's, 475, u.s. 312, 319 (1986) and Farmer v. Brennan, 511, u.s. 825, 835 (1994)

# VIII

F.) Specifically how defendant Whorby violated his Constitutional right's

Defendant Whorby violated the plaintiff's 5th, 14th, 8th amendment Const-itutional right's to be free from abuse, excessive force by diliberate indifference.

Defendant whorby was contacted by the plaintiff and his family ariseing from an abuse whare the plaintiff sustained serious dammage. at this contact the plaintiff's family had to force defendant Whorby to take action on the plaintiff's behalf. forcing him to take photograph's. the plaintiff accompaneyed defendant whorby and another officer (defendant taylor) to the medical ficility. The plaintiff had bruse's and abrasion's on his face, Back, and side. The plaintiff was taken to a doctor's office with windows, dispite the over adiquate lighting in the room the plaintiff was forced, after arguement, to stand in the overberring sunlight coming through the small window which diminished the value of the photograph's. after the photo's were took defendant whorby refused to make out a report or allow the plaintiff to make record by producing witnesses ect: also defendant whorby refused to take photo's and make a report for a related inmate abused over the same issue and official's. defendant whorby refused to direct or advise the other officer to adress the abusive officer's and failed to take any measure's to prevent future abuse which did occur, even after the plaintiff expressed a sinsere need to have them taken.

Defendant Whorby had acted diliberate indifference to serious harm being inflicted on the plaintiff, see Helling v. Mckinney, 509, u.s. 25, 33, (1993) whare issue oblious enough to photograph, see Estelle v. Gamble, 429, u.s. 97, 103 (1976) and having a duty to protect the plaintiff Whitley V. Albers, 475, u.s. 312, 319 (1986)

# IX

G.) Specifically how defendant mike Cooke violated his Constitutional right's

Defendant Cooke violated the plaintiff's 5th, 14th, 8th amendment Constitutional rights to be free from abuse and or excessive force.

Defendant Cooke had first encounterd the plaintiff this day at shift change count. whare the plaintiff had virbal disagreement's with the pryor shift officer.

defendant Cooke had entered the plaintiff's Cell and threatend him with gang affiliation and asking the plaintiff if he knew what a enforcer or strong arm is, the plaintiff replied in the negitive, defendant Cooke told him he better wach what he say's and dose or else he will find out. the plaintiff asked if it was a threat telling defendant Cooke that the disagreement between the other officer and him was none of defendant Cooke's busness who then told the plaintiff all of it was defendant Cooke's busness, and if the plaintiff wanted some (to fight) the "to jump if he's feeling frogy". the plaintiff had told defendant Cooke to leave his Cell. latter that day the plaintiff had went to Court when returning being told he is to live in another housing area (moving from lockdown Chole) to General population and his property is in the new place allready. . the plaintiff objected but was pass--ively forced to move. at the time Numerous officer's were in the area. once the plaintiff was in the New zone defendant Cooke show's up being overwrought threating the plaintiff telling him he was going to get what defendant Cooke wantted and was going to show the plaintiff what defendant Cooke was about. at that time the plaintiff was against the wall with defendant Cooke agressing him whale police were standing nearby. as defendant Cooke was threating the plaintiff while taking off the top portion of his uniform and jumping around. defendant Cooke had Came at the plaintiff and swang on him which was dodged by moving around defendant and when the plaintiff got around him he ran and dived to the floor in front of the other officer's who imdiately approched the plaintiff and begin to put handCuff's on him aprox two or three officer's were securing shackle's. at that moment the defendant Cooke jumped on the plaintiff's back and full fisted punched him in his eye with a hook shot. using a forearm and bicept the defendant was Choking the plaintiff telling him "this is what you wantted is'nt it", "I told you you better Check your self". defendant punching and Choking the plaintiff while in restraints and face down on the ground whare he Could not speak or breath and Close from passing out whare defendant Kept threating him and moment's from passing out the

Defendant punched him in his face he then imidiately passed out. when the plaint-
-iff had regained Conciousness he seen he was driping blood to the floor and his
face hurt extreamly bad. he was being picked up by officer's he begain yelling about
his eye, an officer said he was alright. he was not mentaly stable So he continued
to yell about the blood and his eye. officer's took him to his Cell which was
empty, being mentaly disterted a nurse was not able to treat him. the plaintiff
had gotten a big black eye, Soree face and Complicated nasual problem's..
at the time of transfering to the sepirate housing location he was not being
disruptfull or phisically active with the officer's, there was no need to restrain
the plaintiff, the objection was passive, at the time of encountering defendant
Cooke and diving to the ground infront of the other officer's they were aware that the
plaintiff went to them as a mean's of excape from defendant Cooke swinging on
him. which is why the officer's did not have to restrain the plaintiff to place
hand Cuff's and Shackle's on him whare he was Cooporating. the plaintiff did this
under the mistaken belief that if he put himself under the Controal of non-
abusive staff he would not be harmed. untill he was jumped on. Nevertheless under
any Circumstance's once the restraint's were secure under these Circumstance's any
assult, Close fisted and Choking untill unconciousness, to the plaintiff's face and
neck is extreamly excessive, and abusive with intent to inflict pain acting
wantonly ∞ especially whare No order was needed to be restored or the plaintiff
not acting institutionally disruptive. the Circumstance's Changed from passive to
agressive upon defendant Cooke's arival

    Defendant Cooke had assulted the plaintiff after he was in full restraint's
these action's were purely maliciously implyed, Not to meet any security need. see
Dellis v. Corr. Corps of Am. 257, F.3d. 508, 512, (6th Cir 2001), see Hudson v. McMillian, 962
F.2d, 522, 523 (5th Cir 1992), see Duekworth v. Franzen, 780, F.2d. 645, (7th Cir 1985)
also whare other officer's had Control of the plaintiff's body, see Estate of Davis by Osten-
feild v. Delo, 115, F.3d. 1388, 1394-95 (8th Cir 1997) and Thomas v. Stalter, 20, F.3d. 298, 302,

(7th Cir 1994), Choking untill passed out. see Valencia v. Wiggins, 981, F.2d. 1440, 1447 (5th Cir 1993) and Wilson v. Seiter, 501, U.S. 294, 297, 303 (1991)

X

H) Specifically how defendant J. Bain's violated his Constitutional right's

Defendant Bains violated the plaintiff's 5th, 14th, 8th amendment Constitutional right's whare he deprived the plaintiff of his personal and state property also violating 4th amendment whare had to suffer unsanitary housing for long period of time.

Defendant Bain's had enterd the plaintiff's Cell while the plaintiff was gone to Court, packing all the plaintiff's property moving it to a different housing area, along side of a wall. upon being returned from Court the plaintiff was notified that he was to go to the new section, his property was allready there. while in the housing area a dispute arose in which during the Course of the plaintiff Seen and recorficed his property, after the dis- pute the plaintiff was returned to his previous Cell in lockdown (Hole) which was Completely empty. after being in the Cell he asked for his property and was told defendant bains had been the one who moved it. he then summand defendant bain's who Came afterwords. the plaintiff asked defendant bain's if he had moved the property, he had Confirmed moving it. the plaintiff asked the defendant what he thought he was doing moving the property. defendant bain's said it was the only way that they were going to get him to move out of lockdown. the plaintiff then said "look I aint got nothing, I need my stuff", "are you going to get it back for me?" defendant Bain's replied "he "was not going to make any promise's", "hell, it's in B-Zone, 1/2 of it's probibly allready gone".. while saying this he was walking away the plaintiff begain yelling at him that he was Cold and wantted defendant Bain's to to bring his property back. defendant bains walked out the door with out replying. the plaintiff Seen another gaurd at shift Change who asked the plaintiff whare his belonging's were, he told the gaurd about the occurrance's and that he was Cold, had to use the bathroom, and needed his property and toiletrie's, the gaurd told him what he Could do. the gaurd never returned. the plaintiff was forced to use the bathroom without any toiletrie's, was forced to clean his Bloody nose twice with the

Clothes he was wearing, and without the bennifit of any Blankett's or matresses or any item's whatsoever having to sleep freezing overnite and Continuing throughout the next day. the following day a new officer had asked him about his belonging's, he explained and the officer returned latter with new State property saying all the original property Could not be retrieved because inmate's in the Seprate zone had taken posession of it. as a result the plaintiff wrote Seprate grevence's and had no other Clothing. the officer said he Could only get bedding material and was not able to obtain any Clothing item's but would try again latter. for more than the next two month's the plaintiff was without any change of under Clothes, forced to be nakid on laundry day's, had to barrow a towel to shower. he would ocasionally obtain a shirt or towel. after Complaining for a long time to a sargent, who got the plaintiff some underware and sox's, after two month's of that unsanitary Condition. eventualy the plaintiff regained his full uniform. the plaintiff had bought all of his taken property, totaling aprox 60$ to 70$, beside's photo's, adresse's, letter's and other permanately lost property. after grevence's no disiplinary action was taken against the defendant. defendant bairn's had acted malicious to intently Keep the property from the plaintiff when he refused, after Confrentation, to return the property and left it for other inmate's to take.

The action's of the defendant deprived the plaintiff of all property after being aware he had ligitimate intrist to obtained, see Kelly v. laforce, 288, F.3d 1, 7-8 (1st Cir 2002) and failing to return or resuply his housing material (i.e. toiletrie's, mattress) laireau v. Mansen 651, F.2d 96, 105 (2nd Cir 1981) and Thompson v. City of los Angeles, 885, F.2d 1439, 1448 (9th Cir 1989)

## XI

This section is made to save re-explination, exsplaining occurrance of five defendant's jointly involved. this section will be reffrenced to for background information.

On this ocasion a officer had been acting officer over the lockdown (hole) location, provideing shower, phone, Hour's out, new's paper ect; to inmate's of lockdown. the officer had bequne selective practice's allowing inmate's he was familiar with out for extended hour's and enjoying uncomin privilage's. another inmate and the plaintiff started

to be denied our opportunity's by excuse of of not having enugh time (because our time was given to the other inmate's), a dispute arose whare the other inmate and plaintiff was allowed out. after 15 to 20 minute's were directed to return to the Cell's, the inmate and plaintiff refused, which involved other officer's, a officer who was contacted assured the plaintiff and inmate the afforded hour but the inmate was returned to his Cell as the plaintiff Consulted the other officer, via speaker to tower, while speaking the inmate, from inside the Cell broke his handcuff's off his wrist throwing them in our direction outside the Cell. officer's pulled him back out to reprimand him, they picked up the cuffs and left, closing the foyer door behind them, the officer in the tower told the inmate and the plaintiff to return to the Cell, the inmate got mad breaking the tray flap and thiowing it out of the door, the officer told the plaintiff and inmate to imidiately return to our Cell's, which we did. aprox 15 to 20 minute's latter officer's Reese, Roger's, Woullaid, Clark, Richaids, le Jay and other's went to the inmate's Cell whare Reese said "so you want to bust up my Jail huh, we gona bust you up". they started beating the inmate, put him in handcuff's and took him out of the Block. awhile latter they all returned. the inmate told the plaintiff to "be Cool dont do nothin, jus Chill out." after putting him in his Cell they Came to the plaintiff.

## XII

I.) Specifically how defendant D. Woullaid violated his constitutional right's

Defendant Woullaid violated the plaintiff's 5th, 14th, 8th amendment Constitutional right's to be free from abuse otherwise excessive use of force and failure to provide medical assistance to the plaintiff.

Defendant Woullaid was overwrought from contact with another inmate (see section XI) pryor to defendant woullaid entering the plaintiff's Cell he had Complied with order's to lye face down. when defendant Woullaid encounterd the plaintiff was allready being hit and kicked in a face down position by another officer, defendant Woullaid began to assault the plaintiff, punching and kicking him while face down. abuse from the officer's settled simotaniously, whare another officer then put handcuff's and

shackle's on the plaintiff while still in a face down position. the plaintiff was engaged in a interrogation type questining whare the plaintiff had prevailed on his innocence because other officer admitted to the denial of hours out ect: and the other inmate admitted to distroying the propriety, the plaintiff still was agressively treated by defendant woullard who had assumed controol of all questining at this point. defendant woullard had continually commented to the plaintiff as if he was quilty, the plaintiff said "f-k you", defendant woullard became enraged saying "no one cusses me", simotaniously jumping on the plaintiff, full fisted punching the plaintiff's head making his face smash the ground saying unautiable thing's, after hitting and manhandleing the plaintiff he took his sholder microphone cord and started chokeing the plaintiff with it. the plaintiff begain to make grunt noises Not able to breath or speak, other officer's begain to to make stutterish nosises wordk's which made defendant woullard come to. defendant woullard begain to look at everyone looking at him, he stoped imidiatly, got off the plaintiff whase he started yelling "you murderer", "you are going to kill someone and end up next door to me", defendant woullard had imidiately left the zone.

    Desendant woullard had begin to assult the plaintiff after he had sumitted him self in a non-agressive position complying with order's and being beat by another officer, inportantly smashing the plaintiff's head and chokeing him while in full restraint's, defendant's intention was to inflict pain wontonly knowing the res- -traintive position he was in, his action's did not suport a need to meet any security hazzard's. Dellis v. Corr. Corp's of Am. 257. F.3d. 508. 512 (6th Cir 2001) the plaintiff did not sea a doctor untill hours latter through unrelated staff, defendant did not take any action to provide medical help, Hudson v. McMillian, 962, F.2d. 522, 523, (5th Cir 1992), see Duckworth v. Franzen, 780. F.2d. 645, 652 (7th Cir 1985)

XIII

J.)  Specifically how defendant tommy roger's violated his Constitutional right's.

    Desendant Roger's violated the plaintiff's 5th, 14th, 8th amendment Constitutional

right's to be free from abuse or otherwise excessive use of force and Neglect to the plaintiff's serious medical need's.

Defendant Roger's being over wrought from Contact with a different inmate (see section XI) after defendant Roger's with that inmate he came to the plaintiff's Cell, the plaintiff was ordered to lay face down, arm's spread out in the middle of the Cell. the plaintiff was fully complying, the instant defendant Roger's opend the door him and other officer's rushed the plaintiff, he had to dodge a kick directed for the plaintiff's face, defendant Roger's begain to assult the plaintiff in his face down position followed by two other officer's. the defendant punched the plaintiff in his face kicking the plaintiff. the abuse subdued simotuniously whare the plaintiff was engauged in a interrogation like questining, during this time defendant Roger's Continued to be ~~they~~ physical such as putting his foot on the plaintiff's neck, while handcuff's and shackle's were being applied, during this tieatment it was found the plaintiff had not done anything. another officer begin to assume Control of the questining in which the plaintiff was attacked again, after the incedent the plaintiff was severly injured whare the defendant had abruply left the plaintiff without summoning any medical personnel. the defendant's action's were with the intent to hurt the plaintiff, hitting and kicking the plaintiff when Clearly following order's and in a face down position, the defendant's acton's were not to further Controoling any dispute but to bring pain. see Hudson v. McMillian, 962, F.2d. 522, 523 (5th Cir 1992) and Dell's v. Corr Corps of Am. 257, F.3d. 508, 512. (6th Cir 2001)

XIV

K.) Specifically how defendant unknown Clark violated his Constitutional right's.

Defendant Clark violated the plaintiff's 5th, 14th, 8th Amendment Constitutional right's deneying the plaintiff his daily hour's out, shower, and equel and fair privilage's as other prisoner's also to be free from abuse or excessive force and acess to medical.

Defendant Clark had ben acting overseer of lockdown (Hole). at this time there were other inmate's defendant Clark was fimiliar with there. defend –

ant Clark had been deneying the plaintiff his hourly out and other right's and priviledge's. the reason defendant Clark was deneying the plaintiff is because he was allowing inmate's he was fimliar with out for extended period's of time overlaping into the plaintiff's time frame. the plaintiff begain to Complain, Coming into Contact with a seprate officer who promised he would be allowed his hour out. after Complication's the plaintiff and another inmate had been let out. aplox 15 to 20 mianiute's latter defendant Clark had told the plaintiff to return to his Cell. the plaintiff eventually returned to his Cell after an arguement (see XI ) after returning to his cell the plaintiff was ordered to the ground by a diffrent officer, the plaintiff begin to be attacked by defendant Clark who was allready overwrought from dealing with another inmate (see section XI ). upon entering the plaintiff's Cell defend-ant Clark begain to abuse the plaintiff by useing his knee's to knee the plaintiff in the rib's. Punching him in his back and side. at the time defendant Clark stated to be abusive the plaintiff was in a face down position being attacked by two other officer's. the defendant had caused the abuse by his selective practice's and had first knowingly deprived the plaintiff of his right's and privilage's and herein was join-abusing the plaintiff with two other officer's. officer defendant Clark was aware by direct Complaint from the plaintiff to defendant about the right's/privilage's, and was around waching the other inmate break thing's and knew the plaintiff had not broken anything, and did not deserve to be abused. dispite the defendant's knowledge of the fact's defendant Clark had hit and kneed the plaintiff with the intention to diliver pain, because he was aware the plaintiff was following order's to sub-mitt himself by lying face down and at the time of Contact was being hit and kicked by two other officer's in the face down position. see Dellis v. Corr Corps of Am. 257, F.3d. 508, 512 (6th Cir 2001) extra abuse not necessary Estate of Davis by Ostenfield v. Dello, 115, F.3d. 1388, 1394-95 (8th Cir 1997), see Hudson v. McMillian, 962, F.3d. 522, 523 (5th Cir 1992) Fail to get doctor walker v. Benjamin, 293, F.3d. 1030 -39 (7th Cir 2002)

XV

L.) Specifically how defendant Justin Richard's violated his Constitutional right's.

Defendant Richard's violated his 5th, 14th, 8th amendment Constitutional right's to be free from abuse, excessive use of force and failed to secure medical treatment.

Defendant Richard's had observed the ongoing incident where the plaintiff had followed order's to lye face down on the ground, waching the plaintiff do so then be attacked by three officers, during the initial abuse defendant Richard's entered the plaintiff's Cell and stood nearby waching, after the abuse subdued defendant Rich- -ard's had approached the plaintiff and put handcuff and shackle's on him.. after doing so wached a Officer use his feet to kick and smash the plaintiff in his back, side and neck in a interrogation like questining.. after the plaintiff had been subject to a second beating defendant Richard's begain to remove the restraints ordering the plaintiff to remain in the face down position untill the door was shut and locked. after the door was secure the plaintiff went to it and Called defendant Richard's back, when he appeared the plaintiff said "what part of the training is that," "is that in the manual?" defendant Richard's said nothing and turned to walk away, when the plaintiff asked "what's up with a nurse at least, I feel all f-ed up, my head and s-t hurt's", defendant Richard's still not saying anything looked at the plaintiff and walked away, the plaintiff did not get medical attention untill hour's latter at aprox 2:00 in the morning by help of a unrelated officer.

Defendant Richard's in witnessing the whole occurrance failed to intervene to prevent abuse, also placed restraints on the plaintiff in a Clear evident situation that regarding the plaintiff's Compliance and non-strugleing, securing restraints were unnecessary, with knowledge of the situation that officer's were abusing the plaintiff while in a face down position from following order's, defendant Richard's was aware the abuse's would or Could Continue while restraints imposed. Know- -ing this, he Contributed to the abuse when he had known he was not going to prevent any further abuse after and even when he imposed the restraints.

After waching the severity of the abuse and extent of injury and pain Caused to the plaintiff, defendant Richard's failed to intervene whare 3 officer's abusing is excessive or abuse while in restraint's, further failing to assist the plaintiff with medical need's, see Dellis v. Corr Corp's of Am. 257, F.3d. 508, 512 (6th Cir 2001) and Falure to intervene, see Smith v. Mensinger, 293, F.3d. 641, 650-51 (3rd Cir 2002) failing to get nurse while Knowing it's need. Gregory v. Shelby County, 220, F.3d. 433, 445 ((6th Cir 2000) and Thaddeus-X v. Blatter, 175, F.3d. 378, 403 (6th Cir 1999) and Walker v. Benjamin, 293, F.3d. 1030, 1037-39 (7th Cir 2002)

## XVI

M.) Specifically how defendant unknown lejay violated his Constitutional right's.

Defendant lejay violated the plaintiff's 5th, 14th, 8th amendment Constitutional right's to be free from abuse of excessive force, failing to provide medical..

Defendant Lejay acted as a simple observer when witnessing the plaintiff Comply with officer order's to lye face down, after doing so be attacked by three seprate officer's three diffrent way's during one incedent. defendant lesay wached a officer place restraint's on the plaintiff when he was not being disruptive or struggling, was even following order's. also be outright be beat up and choked while face down in the same restraint's, defendant lejay stood in the door way of the plaintiff's Cell acting as a mere spectator whare severe injury and pain was being inflicted to the plaintiff, and life threatning when being choked. after waching all the above failed to summon any medical personnel even when being asked by the plaintiff, who felt another officer was not going to do so. when calling defendant lesay who approched and replied to the plaintiff's plea "yeah I know, you are going to have to wait a miniure" she continued that she was next door, after summoning defendant lejay a 2nd time found that she left.

Defendant lejay's action's either by direct refusal or deliberate indiffrence violated the plaintiff's right's, see Gregory v. Shelby County, 220, F.3d. 433, 445 (6th Cir 2000) and Thaddeus-X v. Blatter, 175, F.3d. 378, 403 (6th Cir 1999) allowing abuse to

Continue Smith v. Mensinger, 293, F.3d. 641, 650, 651 (3rd Cir 2002) and Whitley v. Albers. 475, u.s. 312, 319 (1986) and Helling v. McKinny 509, u.s. 25, 33 (1993) and Skirtich v. Thorton, 280, F.3d. 1295, 1305 (11th Cir 2002)

## XVII

N.) Specifically how defendant unknown desper violated his Constitutional rights.

Defendant Desper violated the plaintiff's 5th, 14th, 8th amendment Constitutional rights by failure to act or deliberate indifience to be free from abuse or excessive use of force and failed to provide medical assistance.

Defendant Desper acted as a simple observer alongside another officers when wit- nessing the plaintiff comply with officer order's to lye face down, after doing so be attacked by three seprate officer's, three different way's during one incodent. defen- dant Desper wached a officer place restraint's on the plaintiff when he was not being disruptive or struggling, was even following order's. also wached him be out- right beat up and Choked while face down in the same restraints. Defendant Desper stood in the plaintiff's door way acting as a mere Spectator whare severe injury and pain was being inflicted on the plaintiff, and life threatrng when Choked, after waching all the above failed to summon any medical personnel even while accompanying a officer who was asked in defendant Desper's presence. leveing the area being unconcerned to prevent abuse or in the least see that medical assistance was provided. see Gregory v. Shelby County, 220, F.3d. 433, 445 (6th Cir 2000) and thaddeus -X v. Blatter, 175, F.3d. 378 403, (6th cir 1999) allowing abuse to Continue Smith v. Mensinger, 293, F.3d. 641, 650 -51 (3rd Cir 2002) and Whitley v. Albers, 475, u.s. 312-13 (1956) and Helling v. Mc Kinny, 509, u.s. 25, 33 (1993) and Skirtich v. Thorton, 280, F.3d. 1295, 1305 (11th Cir 2002)

## XIIX

O.) Specifically how defendant unknown Byers violated his Constitutional rights

Defendant Byers violated the plaintiff 5th, 14th, 8th amendment Constitutional right's to be from abuse or excessive use of force

A dispute had occured between the plaintiff and another officer in which defendant

defendant was called into. at this time the plaintiff was in the lockdown (hole). defendant byers had been summond to the front of the plaintiffs Cell whare the plaintiff had went to his rack after a virtal arguement with a nother officer. upon defendant Buyers arival the other officer was telling the defendant of the event, in which the defendant radio'd for the tower officer to open the Cell door, the plaintiff was sitting on his bed waching and lisening to the occurrance's whare Complication's were had which Caused an aprox two minute delay of access to the Cell. finaly the door was opend whare defendant tyers and the other officer approched the plaintiff while on his bed. the other angerd Co-officer begain demanding of the plaintiff to lye face down on the ground, the defendant fellowed through with the same order when the plaintiff looked at the defendant and Said " whare do you think you are going to take me, we're allready in the hole" (lockdown), while speaking to the defendant the other officer punched the plaintiff and ambush like tackled him on his bed. whare punching and hitting the plaintiff defendant Byers begain attacking the plaintiff whare defendant Byer's and the other officer riped the plaintiff from his bed slaming him to the floor. When the plaintiff hit the floor the defendant pulled out his metal baton and begain Striking the plaintiff in his mid-lower Section's. when the plaintiff felt the hitting he tryed to gain safty failing to do so because attack from the other officer. after hitting the plaintiff with the metal baton Numerous time's the defendant pulled out his mace and told the other officer that he was going to "hit him with mace, wach out" at that moment the other officer restrained the plaintiff's arm's whare defendant Byer's sprayed the plaintiff's face with mace. then defendant radieo's for assistance putting the plaintiff in handcuff's whare he was taken to the shower area. at the shower the plaintiff spoke to a sargent who repremanded defendant Byer's .. defendant Byer's failed to assist the plaintiff when struck by the other officer, whare he was sitting on his bed before and after Contact and the issue between the plaintiff was virtal from inside and outside the Cell. and the incident occurred in lockdown whare the plaintiff Could not be transferd to anyware under any disiplinary action.

the defendant encounterd the plaintiff whare at all time's he was non-active and was peacefull. defendant Byer's proceeded to jointly attack the plaintiff whare his force lacked any restrative attribute's, they were agressive as unnecessary striking the plaintiff inflicting serious pain and injury then proceeding to use the maximum amount of force avalible spraying the plaintiff with mace in the face as a first or second resort and not a last. such force should not have been utilized untill restraint (live) action proved to be useless or futile. the manner and amount of force was seriously excessive whare it was not used to restore order or disturbance of the plaintiff. order was had at the time of contact, No force at all was necessary see, Treats v. Morgan, 308, F.3d. 868, 874, (8th cir 2002) and Hudson v. MacMillian, 962, F.2d. 522, 523 (5th cir 1992) falure to intervene, see Smith v. Mensinger, 293, F.3d. 641, 650-51 (3rd cir 2002) and Vinyard v. Wilson, 311, F.3d.1340, 1355 (11th cir 2002)

XIX

P.) specifically how defendant unknown Chauncy violated his Constitutional right's.

Defendant Chauncy violated the plaintiff's 5th, 14th, 8th amendment Constitution right's to be free from abuse, excessive force, denial of Hour out, News paper, refusing plaintiff action to fair officer's or summon supervisor's.

Defendant Chauncy was acting supervisor of lockdown activitie's whare he maintained, regulation of shower, Hour out time, circulation of new's paper ect: during defendant Chauncy's shift the plaintiff would not be allowed his hour out, upon the next shift the plaintiff would request his hour out and would be told that defendant Chauncy regisred the plaintiff as having allready givin it to him. during this period the daily new's paper would be passed out and each inmate before him had the new's paper aprox 40 to 50 minute's. defendant Chauncy would only allow the plaintiff 15 to 20 minute's. after repeated com-plication's of these the plaintiff confronted defendant Chauncy, who refused to allow the plaintiff access to his supervisor, and the plaintiff saw the "register form" marked displaying the plaintiff received his hour out when he had not.

but defendant Chauncy wanted him to sign the form acknowledging so, the plaintiff said he was not going to sign it and he was angry about the news paper ect:. defendant Chauncy told the plaintiff that he dident run anything, started to ridicule the plaintiff about his position, saying "that's why you are in here (in jail) and I'm (defendant) out here" (a officer). the plaintiff told the defendant he was tired of being sciewed over, defendant talking crazy, taking the news paper, and not getting the shift sargent. defendant Chauncy told the plaintiff he can either sign it or Not, because if he dosent it will get marked refused. the plaintiff said he will sign it, when he received the "register form" he drew a line on the sections with his name on it. he then started telling the defendant he was not going sign for anything he wasent getting and write "refused" on that. the plaintiff droped the register form on the ground outside of his cell which made defendant Chauncy realy mad. defendant Chauncy kicked at the plaintiff's hand outside the cell (there is a tray hole slot in door). at that time defendant Chauncy called to a nearby officer to assist him. the plaintiff begain to think about the situation and went and sat on his bed. after complication's whare aprox two miniute's passed by the defendant and other officer gained acess to the cell apro- ching the plaintiff on his bed. an angry defendant Chauncy orderd the plaintiff on his rack to lye face down on the floor, the plaintiff asked the defendant "for what, I ain't done nothin", the other officer reasserted the order to lye face down, the plaintiff while looking at the other officer and talking to him was punched and takled by the defendant Chauncy, at that time the other officer also started attacking him whare he was riped off of his bed and slamed on the floor whare defendant Chauncy continued to hit him, the plaintiff feeling serious pain realiced the other officer was hitting him with the metal stick, the plaintiff then tryed to get up and gain safty but coudent do so by continuace attack by defendant Chauncy, at a point the other officer declaired he was going to "hit him with mace", defendant Chauncy then grabed the plaintiff's arm's and restrained them at that point the plaintiff was sprayed in the face with mace, handcuffed .

taken to a shower. at the shower he spoke to the shift sargent who he told he had been trying to get ahold of all week, told the sargent of all the issue's and how he had been treated. the sargent had Repremanded the defendant, saw to all of the plaintiff's need's and returned to his Cell. the sargent had Relocated the defendant whare he was not allowed to supervise lockdown any longer.

Defendant Chauncy unfairly and unequaly treated the plaintiff With his right's and privlage's while abusing his supervisary authority, Constantly Chastised the plaintiff about being Chastized, also attacked the plaintiff while sitting on his rack at the time when peace and order was had. defendant Chauncy's action's while punching the plaintiff had No restraintive or restrictive value, and the confrentation was verbal and not phisical, finalized when the plaintiff droped the form's outside the Cell. at no time did the plaintiff became phisicaly disruptive when the defendant enterd the Cell, defendant Chauncy had not tried to restrain the plaintiff but assult him. defendant during the whole period had the abillity to imobilize the plaintiff but only exercised the abillity when being spraged in the face with mace, providing that he Chose to abandon restrative force for assult--ive force and only used restrative force to see the infliction of more insury and pain, being Wonton and malicious, see Headwatters Forest def v. County of humbodt, 276, F. 3d. 1125, 1131, (9th Cir 2002) and Hudson v. McMillian, 962, F. 2d. 522, 523 (5th Cir 1992) and Spell v. McDaniel, 824, F. 2d. 1380, 1900 (4th Cir 1987)

XX

The below section is devided into two seprate "Q" section's because John does involve two seprate incodent's. the total John doe's are ~~six~~ eight 8, but two involve one incodent and six involve a seprate. Listing the two John doe's first and six second.

XXI

Q-(1) (A) Because the John doe's accompanied eachother and their Conduct dose not differ in any way they are Jointly listed herein.

Specifically how John doe's (A&B) Violated his Constitutional rights

24 of 31

Defendant John doe's violated the plaintiff's 5th, 14th, 8th constitutional right's by failure to act or diliberate indifference to be free from abuse or excessive force and failed to provide medical assistance.

Defendant(s) John doe (A) (B) acted as simple observer's alongside another officer when witnessing the plaintiff comply with officer's order's to lye face down, after doing so be attacked by three seprate officer's, three diffient way's during one incodent. defendant's wached a officer place restraint's on the plaintiff when he was not being disruptive or struggleing, was even following order's. also wached him be outright beat up and ~~cate~~ choked while face down in the same restraint's. Defendant's stood in the plaintiff's doorway acting as a mere spectator while severe injury and pain was being inflicted on him, becoming life threating when choked. after waching all the above failed to summon any medical personnel even while accomponing officer was asked in the defendant's presence. leveing the area unconcerned for the plaintiff to prevent abuse or in the least see that medical assistance was provided. see Gregory v. Shelby County, 220, F.3d. 433, 445 (6th Cir. 2000) and Thaddeus -X v. Blatter, 175, F.3d. 378, 403 (6th Cir. 1999) allowing abuse to continue Smith v. Mensinger, 293, F.3d. 641, 656-51 (3rd Cir. 2002) and Helling v. McKinny, 509, U.S. 25, 33, (1993)

XXII

Q-(2)-(B)    this section of "Q" for John doe's is part two of "Q" outlining how the seprate John Doe's violated the plaintiff's right's, being three section's "A", "B", "C".

XXIII

The plaintiff herein set's the scean for understanding, for save of rewriting repeatedly this section will be referenced to.

On this givin day there was no disturbance in the housing unit nor with the plaintiff. the plaintiff had noticed unusual movement beyond the housing section and learned a institut-ional "shakedown" (cell/person's searches) were being conducted. the plaintiff inside his cell begain to appropriate his belonging's so that no breaking or tearing of his property was necessary. the first entering the unit was a Capt: Taylor who was

directing the shakedown, which consisted of Harrison County jail officer's, Biloxi police task force officer's and a set of officer's in green uniform's with helmet's. the plaintiff had never seen before or after the Biloxi police nor green suted police. Capt. Taylor was dispaching Cliftin group's to area's, dispached to the plaintiff's area was the Biloxi police task force. within the plaintiff's foyer was himself and a seprate inmate within our prospective cell's. when a Biloxi police officer had enterd the plaintiffs cell he put his hand's up and said "hey look, whatever you want me to do I aint got no problem with it, I dont want no trouble". the officer looked at the plaintiff and said "o.k. come with me, come out slow". the plaintiff slowly exiting the cell looked at the police officer for further direction's. when the plaintiff was in the foyer he was confronted by four other officer's who started yelling at the plaintiff whare he was hit by the side officer as looking at the yelling officer. the plaintiff did not hear clearly after that because of being punched in the head and body while pushed and kicked. after being beat about senseless and fell to the ground, once on the ground no longer than five second's he was shot by a officer standing behind him. he was not aware he had been shot at first, untill his leg and finger hurt extre-mly bad. the plaintiff thought his leg and finger was broken untill he was informed he was shot. the rifleman had left to another area as well as first police officer. after being shot on the ground the plaintiff was kicked in the back, handcuffed and shackled and dragged to another area. at this location Capt Taylor seen the plaintiff as well he was riticuled by officer's. in the facedown restrained and shot position the plaintiff after about 50 minute's was released from his restraint's, helped to his feet and back to his cell. after being denied medical assistance and entering his cell he seen it was never searched. the plaintiff encounterd officer's showing them his wound's but could not get medical help. the next day the plaintiff got to a phone whare his family got him medical help and internal affair's photographed the wound's.

## XXIV

2-(z)-(A)  Specifically how defendant John Doe (1) violated his Constitutional right's

Defendant John doe (1) violated the plaintiff's 5th, 14th, 8th amendment Constitution right to be free from abuse or excessive force or by deliberate indifference, failing to prevent abuse, and failing to Conduct activities in furtherance of institutional shake down objective and failing to summon Medical personnel.

Defendant (1) John doe in light of section (XXIII) had approched the plaintiff and acknowledged his surendering, the defendant orderd the plaintiff to go slowly as followed. while following the defendant's orders was attacked by other officers, the defendant when waching the officer's attack the plaintiff failed to prevent the assault, dispite the circumstance's occuring because of following order's which placed him in a hostile situation. after waching the plaintiff be hit, pushed, kicked and shot the defendant failed to intervene and display that the plaintiff was following order's and was not in need of abuse. nor did the plaintiff get assistance from defendant that would have brought him safty. after viewing all occurance's failed to provide medical assistance when knowing the extent of the injury and pain sufferd by the plaintiff. when the plaintiff returned to his Cell he found it undisturbed, the defendant failed to search the plaintiff's Cell even after waching the plaintiff be treated as he had. he allowed the plaintiff to be abused and not allow that abuse Contribute to the objective of the Cell search.

Defendant John Doe (1) had been negligent in advising and ordeing ordering the plaintiff as he had, subjecting him to serious harm, defendant had been traveling with this group pryor to encountering the plaintiff and knew of the group's hostility, and knew if he orderd any inmate in the manner he did the plaintiff, they would be subject to such treatment. whilie being aware of this, was able to, but did not, order the plaintiff in a way that would have prevented his tramatic abuse's., see Helling v. McKinney, 509, U.S. 25, 33 (1993), Fail to prevent abuse Smith v. Mensinger, 293, F.3d. 641, 650-51 (3rd Cir 2002) and Walker v. Benjamin, 293, F.3d. 1030, 1037-39 (7th Cir 2002)

XXV

Q -(Z) -(5)  Specifically how defendant's John doe's (2) (3) (4) (5) violated his constitutional right's Because defendants (1) -(4) violative activity are relativly similiar and they acted

27 of 31

Jointly and Simataniously they are listed herein togeather.

Defendant's (2)(3)(4)(5) violated the plaintiff's 5th, 14th, 8th amendment Constitutional rights to be free from abuse, excessive force, failing to prevent abuse, falure to provide medical assistance, falure to Substatiate abuse with their objective.

Defendant's (1)(2)(3)(4) had encounterd the plaintiff while he was following order's of another officer, see section (XXIII) in which the plaintiff had not been acting in any agressive or disruptive manner. the plaintiff was standing whare he was directed. defendant's (2)-(5) had resorted to punching, hitting the plaintiff simotaniously yelling at him, defendant's would close fisted punch the plaintiff and push him into another officer, who would inturn do the same or kick him, resembling a mosh pit. the plaintiff had become unaware of his surounding's by being hit in the head so much, he fell down and no less than five second's latter was shot. after being shot a defendant kicked the the plaintiff in the back and layed face down, when on the ground a defendant put his foot in the plaintiff's neck while a seprate defendant put hand cuffs and shackle's on the plaintiff. once the restraint's were secure a defendant had Grabed the shackle Chain and dragged the plaintiff to another location. at this location the defendant's would ridicule the plaintiff about his intury. after being in this location restrained for apiox 50 minute's the plaintiff was unrestrained by a diffrent officer and returned to his Cell and found the Cell undisturbed, not searched.

Defendant's action's were excessive in force, the plantiff before and after exiting his cell never rebelled, was never agressive showed no sign's of disturbance. the defendant's action's were not in attempt to Restore any order. they did not Contribute to securing any safty. furthermore; the defendant's did not attempt to actualy restrain the plaintiff, at all time's he was hit with Closed fist and pushed and kicked none of the four defendant's attemped to restrain or control the plaintiff's body or limb's. the plaintiff was actualy beatten, with being punched numerous time's over his body, kicked even after being shot and's steped on in the neck and enly then did the plaintiff's arm's be put behind his back or restrained. as well his leg's. additionaly when the plaintiff was encounterd there was no disturbance whare peace needed to be restored. when the defendant

started beating the plaintiff, their objective became to use excessive force because the agression did not contribute to their goal of shakedown, whereas the platiff's cell was never searched. affter the action's the defendant's failed to provide medical assistance which farther supoit's the defendant's position that they were not conceined with the insury and suffering inflicted to the plaintiff that they caused. see Dellis v. Corr Corps of Am. 257, F.3d. 508, 512 (10th Cir 2001) and, Hudson v. McMillian, 962, F.2d. 522, 523 (5th Cir 1992) four gaurd's hitting plaintiff excessive Thomas v Stalter, 20, F.3d. 298, 302 (7th Cir 1994), Gregory v. Shelby County, 220, F.3d. 433, 445, (10th Cir 2000) and Smith v. Mensinger, 293, F.3d. 641, 650-51 (3rd Cir 2002)

### XXVI

2-(2) (C)   Specifically how defendant John doe (6) violated his Constitutional right's

Defendant (6) John doe violated the plaintiff's 5th, 14th, 8th amendment constitutional right's to be free of abuse or excessive-leathal force, failing to provide medical assistance. Defendant John Doe (6) had obseived the plaintiff be encounterd by four other officer in which he was being beat, hit, kicked. the defendant failed to intervene with the action of other officer's whare clearly he was not being disruptive, or acting in such a manner that produced an need to restore order. when he was not being restrained by any of the four officer's. while observing this occurance defendant John Doe (6) had not taken any action to shoot the plaintiff untill he was alkeady on the floor. the moment's after hitting the foor the defendant John Doe (6) shot the plaintiff with a potentially leathal wepon, a rubber bullet gun, causing a loss of feeling in part of the plaintiff's leg, shooting the plaintiff from aploximately 2 to 3 feet away. under the circumstance's the defendant's action's were unnecessary when the plaintiff was allieady on the ground, and had other option's than shooting the plaintiff when he was not disiuptive the action's of the four officer's and defendant John Doe (6) are eaquel to those needed in a full fledged riot. the plaintiff was not a one man riot. nor was he disiuptive. the defendant exerciced ~~his~~ his abillity to shoot only to inflict pain. the circumstance's did not produce the need to be shat

While being attacked by four officers and being on the ground, the actions of shooting the plaintiff did not then render him incapated, he was incapated allready then shot. additionaly did not provide any medical assistance from being shot from two feet. the action was wonton when the defendant did not shoot the plaintiff in order to further the objective of searching the cell. whareas the cell was never searched. see Treats v. Morgan, 308, F.3d. 868, 874 (8th cir 2002 and, Johnson v. Lucas, 786, F.2d. 1254, 1257 (5th cir 1986), Marquez v. Gutierrez 322, F.3d. 689, 962 (9th cir 2003) and Thomas v. Stalter, 20, F.3d. 298, 302, (7th cir 1994) Cooper v. Dyke, 814, F.2d. 941, 945, 48 (4th cir 1987) and Gregory v. Shelby County 220, F.3d. 433, 445 (6th cir 2000) and Smith v. Messinger, 293, F.3d. 641, 650 -51 (3rd cir 2002)

## XXVII

R.) In response to the plaintiff disclosing to the court the full names of the defendants named in this action, specifically unknown Everett, whorby, Clark, Lejay, Desper, Byers, Chauncy and John Doe's. The plaintiff while housed in the jail only knows these defendants as the names provided. the John doe's the plaintiff never encounterd before and after the incodents. the John Doe's of Biloxi task force police were only at the jail for a few hour's, they were in full head and body armor.

## XXIIX

The plaintiff had contacted the institutional legal administration whare he is housed and she, namely a linda robinson has informed the plaintiff that she is not able to assist the plaintiff with providing the court any applicable case law ect. that allow's him to proceed without that information. the plaintiff dose cominue exercizing due dilligence.

## XXIX

the plaintiff dose pray the court proceed with his action in lieu of not providing the full name's of the defendant's, he is still trying to contact the County jail to recive the name's. the plaintiff provides for the court that the Harrison County adult detention center whare this action derive's from dose have and hold

full record's of the name's of the plaintiff's and record's of alligation's herein upon proceeding ahead the plaintiff would assuardly be able to provide the Court With the full name's of the defendant's when any discovory process is invoked, upon that process the plaintiff will suppliment the record and Court with those name's Murphy v. Kellar, 950, F.2d, 290, 293 (5th cir 1992)

X X X

The plaintiff further state's that even though he is not able to provide the full name's of the defendant's the alligation's herein which the defendant's are true and correct and dose violate the plaintiff's right's

## Verrification.

the plaintiff, I, Armstrong J. Knight do hereby Swear the above is true and correct as is.

signed this 26th day of May 2005.    Armstrong Knight
                                                        Signed.

31 of 31

# Table of Contents.

Bell v. Wolfish, 441, u.s. 520, 545 (1979)  pg (1)

Combs v. Wilkinson, 315, F.3d. 548, 554 (6th Cir 2002)  pg (7)

Cooper v. Dyke, 814, F.2d. 941, 945, (4th Cir 1987)  pg (30)

Dellis v. Corr Corp's of Am. 257, F.3d. 508, 512 (6th Cir 2001)  pg (6) (11) (15) (16) (19) (29)

Duckworth v. Franzen, 780, F.2d. 645 (7th Cir 1985)  pg (11) (15)

Estate of Davis by Ostenfield v. Delo, 115, F.3d. 1388, 1394-95 (8th Cir 1997)  pg (11) (17)

Estelle v. Gamble, 429, u.s. 97, 103 (1976)  pg. (3) (4) (8) (9)

Farmer v. Brennan, 511, u.s. 825, 835 (1994)  pg (8)

Gibson v. County of Washoe, 290, F.3d. 1175, 1187, (9th Cir 2002)  pg (2) (7)

Gregory v. Shelby County, 220, F.3d. 433, 445 (6th Cir 2000)  pg (4) (19) (20) (25) (29) (30)

Headwatter forest Def v. County of Humbodt, 276, F.3d. 1125, 1131 (9th Cir 2002) pg (24)

Helling v. McKinney, 509, u.s. 25, 33 (1993)  pg (4) (6) (8) (9) (20) (25) (27)

Hewett v. Jarrard, 786, F.2d. 1080, 1085-86 (11th Cir 1986)  pg (4)

Hudson v. McMillian, 962, F.2d. 522, 523 (5th Cir 1992)  pg (11) (15) (16) (17) (22) (24) (29)

Johnson v. Lucas, 786, F.2d. 1254, 1257 (5th Cir 1986)  pg (30)

Kelly v. Laforce, 288, F.3d. 1, 7-8 (1st Cir 2002)  pg (13)

Lareau v. Manson, 651, F.2d. 96, 105 (2nd Cir 1981)  pg (13)

Marquez v. Gutierrez, 322, F.3d. 689, 962 (9th Cir 2003)  pg (30)

Murphy v. Kellar, 950, F.2d. 290, 293 (5th Cir 1992)  pg (30)

Sander's v. Sheahan, 198, F.3d. 636, 628, (7th Cir 1999)  pg (1)

Skirtich v. Thorton, 280, F.3d. 1295, 1305 (11th Cir 2002)  pg (20)

Smith v. Mensinger, 293, F.3d. 641, 650 -51 (3rd Cir 2002)  pg (19) (20) (22) (25) (27) (29) (30)

Spell v. McDaniel, 824, F.2d. 1380, 1400 (4th Cir 1987)  pg (24)

Thaddeus – X v. Blatter, 175, F.3d. 878, 403 (6th Cir 1999)  pg (6) (19) (20) (25)

Thomas v. Stalter, 20, F.3d. 298, 302 (7th Cir 1994)  pg (29) (30)

Thompson v. City of los Angeles, 885, F.2d. 1439, 1448 (9th Cir 1989)  pg (13)

Treats v. Morgan, 308, F.3d. 868, 874 (8th Cir 2002)  pg (22) (30)

Valencia v. Wiggins, 981, F.2d. 1440, 1447 (5th Cir 1993)  pg (12)

pg 2 of 2.

Vinyard v. Wilson, 311, F.3d. 1340, 1355 (11th cir 2002) pq (22

Washington v. Laporte County Sheriff Dep't, 306, F.3d. 515, 517 (7th cir 2002) pq (1)

Walker v. Benjamin, 293, F.3d. 1030, 1037-39 (7th Cir 2002) pq (8) (17) (19) (27)

Whitley v. Albers, 475, u.s. 312-19 (1986) pq (4) (8) (9) (20)

Wilson v. Seiter, 501, u.s. 294, 297, 303 (1991) pq (12)


21. u.s.c. § 848 (9)(4) (8) (2000) pq (1).

                    U.S. Constitution.

4th amendment pq (12)

5th amendment pq (2) (5) (6) (8) (9) (12) (14) (15) (16) (18) (19) (20) (22) (25) (27) (28)

8th amendment pq (2) (5) (6) (8) (9) (12) (14) (15) (16) (18) (19) (20) (22) (25) (27) (28)

14th amendment pq (2) (5) (6) (8) (9) (12) (14) (15) (16) (18) (19) (20) (22) (25) (27) (28)