## IN THE UNITED STATES DISTRICT COURT
## OF THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**ARMSTRONG JACOB KNIGHT, #100175**                     **PLAINTIFF**

**vs.**                                    **CIVIL ACTION NO. 1:05cv186LG-JMR**

**SHERIFF GEORGE PAYNE, JR., et al**                     **DEFENDANTS**

**ANSWER, DEFENSES AND AFFIRMATIVE DEFENSES OF DEFENDANTS,
GEORGE PAYNE, JR., IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES AS
SHERIFF OF HARRISON COUNTY, AND DIANNE GATSON-RILEY, RICK GASTON,
PHIL TAYLOR, RON WERBY, KENNY ROGERS, JUSTIN RICHARDS,
ELAINE LEGE, BETH DESPER, DOUG BYERS, AND THOMAS CHAUSSEE IN
THEIR INDIVIDUAL AND OFFICIAL CAPACITIES**

COME NOW, Defendants, George Payne, Jr., in his Official and Individual

capacities as Sheriff of Harrison County, and Dianne Gatson-Riley, Rick Gaston, Phil

Taylor, Ron Werby, Kenny Rogers, Justin Richards, Elaine Lege, Beth Desper, Doug

Byers, and Tomas Chaussee in their individual and official capacities, by and through

their attorneys, Dukes, Dukes, Keating and Faneca, P.A., and pursuant to the Federal

Rules of Civil Procedure file this their Answer, Defenses, and Affirmative Defenses to

the Complaint as follows, to-wit:

### FIRST DEFENSE

To the extent he raises any claims under Mississippi law, Plaintiff has failed to

comply with the requirements of the Mississippi Tort Claims Act, Miss. Code Ann. §11-

46-1, et. seq., including the notice requirements of §11-46-11.

### SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted and should

be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## THIRD DEFENSE

The Defendants specifically reserve and invoke all other rights and defenses available unto them, including but not limited to, those set forth in Rules 8(c) and 12(b) of the Federal Rules of Civil Procedure, the Mississippi Code Annotated of 1972, as amended, the United States Code, and/or common law, for which a good-faith legal and/or factual basis exists in their favor.

## FOURTH DEFENSE

AND NOW, in response to the allegations of the Complaint, these Defendants answer paragraph by paragraph as follows:

The allegations contained in Paragraph II entitled "Statement of Claim" are hereby denied.

The allegations contained in Paragraph V entitled "Relief" are hereby denied.

The allegations contained in "Attachment B-Statement of Claim" are hereby denied.  Specifically, as follows:

1.    The allegations as to Defendant 1 are denied.

2    The allegations as to Defendant 2 are denied.

3.    The allegations as to Defendant 3 are denied.

4.    The allegations as to Defendant 4 are denied.

5.    The allegations as to Defendant 5 are denied.

6.    The allegations as to Defendant 6 are denied.

7.    The allegations as to Defendants 7(A) and 7(B) are denied.

8.    The allegations as to Defendants 8(A) (B) (C) (D) (E) (F) and (G) are denied.

9.      The allegations as to Defendants 9 (A) (B) (C) (D) (E) and (F) are denied.

10.     The allegations as to Defendants 10 (A) and (B) are denied.

The allegations in the handwritten documents attached to the Complaint entitled

"Events and Facts and Details" are hereby denied.  Specifically, as follows:

1.      The allegations as to Defendant 7 (A) are denied.

2.      The allegations as to Defendant 2 are denied.

3,      The allegations as to Defendant 3 are denied.

4.      The allegations as to Defendant 2 are denied.

5.      The allegations as to Defendants 8 (A) - 8 (G) are denied.

6.      The allegations as to Defendant 4 are denied.

7.      The allegations as to Defendant 6 are denied.

8.      The allegations as to Defendant 9 are denied.

9.      The allegations as to Defendant 5 are denied.

10.     The allegations as to Defendant 2 are denied.

11.     The allegations as to Defendants 10 (A) and 10 (B) are denied.

12.     The allegations as to Defendant 1 are denied.

The allegations contained in the handwritten documents attached to the

Complaint entitled "Attachment C-Relief" are hereby denied.  Defendants further deny

that the Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

AND NOW, having answered the Complaint, the Defendants assert the following

affirmative defenses to be shown and proven at a trial or a hearing of this matter:

I.

That the damages allegedly sustained by the Plaintiff are speculative and are not recoverable.

II.

The Defendants plead all applicable privileges and immunities under both state and federal law, including but not limited to, the common law and statutory doctrine of sovereign immunity, absolute immunity, and qualified immunity.  The Defendants state that they are protected by sovereign, absolute, and/or qualified immunity against any claims for penalties, damages, attorney's fees, or any other damages as requested in the Plaintiff's Complaint.

III.

To the extent the Complaint raises any claim under Mississippi law, the Defendants specifically plead all protections to which they are entitled  pursuant to §11-46-1, et seq., of the Mississippi Code of 1972, commonly known as the Mississippi Tort Claims Act, including, but not limited to, all notice requirements; all exemptions from the waiver of sovereign immunity; all statutes of limitations; the Defendants' right to a bench trial; and all limitations on liability contained therein.

IV.

The Defendants specifically deny each and every material allegation of the Complaint, which have not been specifically admitted, regardless of paragraph number or lack thereof or paragraph letter or lack thereof.

V.

The Defendants would show that at all times, while dealing with the Plaintiff, or any other inmate at the Harrison County Adult Detention Center, the Defendants acted

in a professional manner and conducted any and all of their interaction with the Plaintiff

in accordance with the professional standards for inmate management and/or

supervision as established in the Policies and Procedures Handbook for the Harrison

County Adult Detention Center.  Unusual treatment, if any, was a result of and was

entirely justified by the legitimate penological needs of the Harrison County Adult

Detention Center in securing individuals who presented a risk to other inmates or jail

staff due to their criminal histories and their demonstrated efforts to act defiantly.  As

such, to the extent any of Plaintiff's allegations are later proven to be true, they were

entirely justified under the circumstances and in no way violated the Plaintiff's rights or

any other provision of federal or state law.

VI.

The Defendants would show that the Complaint, to the extent that it seeks

punitive or exemplary damages, violate certain provisions of the Constitution of the

United States and the Mississippi Constitution, including, but not limited to, the

following:

It violates the Defendants' protection from "excessive fines" as provided in the

Eighth Amendment to the United States Constitution and Article 3, Section 28 of the

Constitution of the State of Mississippi.

It further violates the Defendants' rights to substantive due process as provided

in the Fifth and Fourteenth Amendments to the United States Constitution and the

Constitution of the State of Mississippi.

It violates the Fourteenth Amendment as said Amendment guarantees the

Defendants equal protection of the law, and the Fourteenth Amendment would be

violated by the imposition of punitive damages in that such a sanction is discriminatory and arbitrary in penalizing the Defendants on the basis of wealth.

VII.

The Fourth, Fifth, and Sixth Amendments form the basis for laws governing the process, convicting, and sentencing of criminal defendants and to the extent that the Defendants are subjected to criminal sanctions through punitive damages, the burden of proof for imposing punitive damages is "beyond a reasonable doubt."

VIII.

To the extent the Plaintiff has not exhausted his administrative remedies, the Defendants would show that the Complaint should be dismissed.

IX.

The Defendants specifically invoke and plead all defenses to which they may be entitled under the Prison Litigation Reform Act, 42 U.S.C. §1997e(e).

X.

The Defendants further reserve the right to amend or supplement this Answer, Defenses, and Affirmative Defenses as discovery and investigation continue.

AND NOW, having fully answered and set forth their Answer, Defenses and Affirmative Defenses to the Complaint, the Defendants respectfully request that they be dismissed from this civil action with their proper costs.

RESPECTFULLY SUBMITTED, this the 15th day of July, 2005.

**GEORGE PAYNE, JR., IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES AS SHERIFF OF HARRISON COUNTY, AND DIANNE GATSON-RILEY, RICK GASTON, PHIL TAYLOR, RON WERBY, KENNY ROGERS, JUSTIN RICHARDS, ELAINE LEGE, BETH DESPER, DOUG BYERS, AND THOMAS CHAUSSEE IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES, Defendants**

**BY:    DUKES, DUKES, KEATING & FANECA, P.A.**

BY:    <u>s/Cy Faneca</u>
       CY FANECA, MSB #5128
       SARAH DEES RIMES, MSB #101555

Cy Faneca, MSB #5128
Sarah Dees Rimes, MSB #101555
**DUKES, DUKES, KEATING & FANECA, P.A.**
2909 - 13th Street, Sixth Floor
Post Office Drawer W
Gulfport, Mississippi 39502
Telephone:  (228) 868-1111
Facsimile:  228) 863-2886

## CERTIFICATE OF SERVICE

I, CY FANECA, do hereby certify that I have this day delivered, via United States

Mail, postage fully pre-paid, a true and correct copy of the above and foregoing

pleading to the following:

> Armstrong Jacob Knight
> Marion/Walthall Correctional Facility
> 503 South Main Street
> Columbia, Mississippi 39429

This, the 15th day of July, 2005.

s/Cy Faneca
CY FANECA