N THE UNITED STATES DISTRICT COURT
OF THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ARMSTRONG JACOB KNIGHT, #100175**                                **PLAINTIFF**

vs.                                          **CIVIL ACTION NO. 1:05cv186LG-JMR**

**SHERIFF GEORGE PAYNE, JR., et al**                                **DEFENDANTS**

**ANSWER, DEFENSES AND AFFIRMATIVE DEFENSES OF DEFENDANTS,
GEORGE PAYNE, JR., IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES AS
SHERIFF OF HARRISON COUNTY, AND DIANNE GATSON-RILEY, RICK GASTON,
PHIL TAYLOR, RON WERBY, KENNY ROGERS, JUSTIN RICHARDS, ELAINE
LEGE, BETH DESPER, DOUG BYERS, AND THOMAS CHAUSSEE
TO PLAINTIFF'S AMENDED COMPLAINT OR OTHER GENERAL PLEADINGS**

COME NOW, Defendants, George Payne, Jr., in his Official and Individual capacities as Sheriff of Harrison County, and Dianne Gatson-Riley, Rick Gaston, Phil Taylor, Ron Werby, Kenny Rogers, Justin Richards, Elaine Lege, Beth Desper, Doug Byers, and Tomas Chaussee in their Individual and Official capacities, by and through their attorneys, Dukes, Dukes, Keating and Faneca, P.A., and pursuant to the Federal Rules of Civil Procedure file this their Answer, Defenses, and Affirmative Defenses to Plaintiff's Amended Complaint or other general pleadings as follows, to-wit:

### FIRST DEFENSE

To the extent he raises any claims under Mississippi law, Plaintiff has failed to comply with the requirements of the Mississippi Tort Claims Act, Miss. Code Ann. §11-46-1, et. seq., including the notice requirements of §11-46-11.

### SECOND DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure.

### THIRD DEFENSE

The Defendants specifically reserve and invoke all other rights and defenses available unto them, including but not limited to, those set forth in Rules 8(c) and 12(b) of the Federal Rules of Civil Procedure, the Mississippi Code Annotated of 1972, as amended, the United States Code, and/or common law, for which a good-faith legal and/or factual basis exists in their favor.

### FOURTH DEFENSE

AND NOW, in response to the allegations of Plaintiff's Amended Complaint, or other pleadings, these Defendants answer paragraph by paragraph as follows:

1. In response to the allegations contained in Paragraph I of Plaintiff's Amended Complaint, Defendants are without sufficient information to either admit or deny the allegations of Paragraph I; therefore, out of an abundance of caution, such allegations are denied.

2. The allegations contained in Paragraph II of Plaintiff's Amended Complaint are denied.

3. In response to the allegations contained in Paragraph III of Plaintiff's Amended Complaint, Defendants deny they committed any act or omission which constituted a violation of Plaintiff's constitutional or other rights, and accordingly, all allegations of Paragraph III are hereby denied.

4. In response to the allegations contained in Paragraph IV of Plaintiff's Amended Complaint, Defendants deny they committed any act or omission which constituted a violation of Plaintiff's constitutional or other rights, and accordingly, all allegations of

Paragraph IV are hereby denied.

5.     In response to the allegations contained in Paragraph V of Plaintiff's Amended Complaint, Defendants deny they committed any act or omission which constituted a violation of Plaintiff's constitutional or other rights, and accordingly, all allegations of Paragraph V are hereby denied.

6.     In response to the allegations contained in Paragraph VI of Plaintiff's Amended Complaint, Defendants deny they committed any act or omission which constituted a violation of Plaintiff's constitutional or other rights, and accordingly, all allegations of Paragraph VI are hereby denied.

7.     In response to the allegations contained in Paragraph VII of Plaintiff's Amended Complaint, Defendants deny they committed any act or omission which constituted a violation of Plaintiff's constitutional or other rights, and accordingly, all allegations of Paragraph VII are hereby denied.

8.     In response to the allegations contained in Paragraph VIII of Plaintiff's Amended Complaint, Defendants deny they committed any act or omission which constituted a violation of Plaintiff's constitutional or other rights, and accordingly, all allegations of Paragraph VIII are hereby denied.

9.     In response to the allegations contained in Paragraph IX of Plaintiff's Amended Complaint, Defendants deny they committed any act or omission which constituted a violation of Plaintiff's constitutional or other rights, and accordingly, all allegations of Paragraph IX are hereby denied.

10.    In response to the allegations contained in Paragraph X of Plaintiff's Amended Complaint, Defendants deny they committed any act or omission which constituted a

violation of Plaintiff's constitutional or other rights, and accordingly, all allegations of Paragraph X are hereby denied.

11. In response to the allegations contained in Paragraph XI of Plaintiff's Amended Complaint, Defendants deny they committed any act or omission which constituted a violation of Plaintiff's constitutional or other rights, and accordingly, all allegations of Paragraph XI are hereby denied.

12. In response to the allegations contained in Paragraph XII of Plaintiff's Amended Complaint, Defendants deny they committed any act or omission which constituted a violation of Plaintiff's constitutional or other rights, and accordingly, all allegations of Paragraph XII are hereby denied.

13. In response to the allegations contained in Paragraph XIII of Plaintiff's Amended Complaint, Defendants deny they committed any act or omission which constituted a violation of Plaintiff's constitutional or other rights, and accordingly, all allegations of Paragraph XIII are hereby denied.

14. In response to the allegations contained in Paragraph XIV of Plaintiff's Amended Complaint, Defendants deny they committed any act or omission which constituted a violation of Plaintiff's constitutional or other rights, and accordingly, all allegations of Paragraph XIV are hereby denied.

15. In response to the allegations contained in Paragraph XV of Plaintiff's Amended Complaint, Defendants deny they committed any act or omission which constituted a violation of Plaintiff's constitutional or other rights, and accordingly, all allegations of Paragraph XV are hereby denied.

16. In response to the allegations contained in Paragraph XVI of Plaintiff's Amended

Complaint, Defendants deny that the committed any act or omission which constituted a violation of Plaintiff's constitutional or other rights, and accordingly, all allegations of Paragraph XVI are hereby denied.

17.     In response to the allegations contained in Paragraph XVII of Plaintiff's Amended Complaint, Defendants deny they committed any act or omission which constituted a violation of Plaintiff's constitutional or other rights, and accordingly, all allegations of Paragraph XVII are hereby denied.

18.     In response to the allegations contained in Paragraph XVIII of Plaintiff's Amended Complaint, Defendants deny they committed any act or omission which constituted a violation of Plaintiff's constitutional or other rights, and accordingly, all allegations of Paragraph XVII are hereby denied.

19.     In response to the allegations contained in Paragraph XIX of Plaintiff's Amended Complaint, Defendants deny they committed any act or omission which constituted a violation of Plaintiff's constitutional or other rights, and accordingly, all allegations of Paragraph XIX are hereby denied.

20.     In response to the allegations contained in Paragraph XX of Plaintiff's Amended Complaint, Defendants deny they committed any act or omission which constituted a violation of Plaintiff's constitutional or other rights, and accordingly, all allegations of Paragraph XX are hereby denied.

21.     In response to the allegations contained in Paragraph XXI of Plaintiff's Amended Complaint, Defendants deny they committed any act or omission which constituted a violation of Plaintiff's constitutional or other rights, and accordingly, all allegations of Paragraph XXI are hereby denied.

22. In response to the allegations contained in Paragraph XXII of Plaintiff's Amended Complaint, Defendants deny they committed any act or omission which constituted a violation of Plaintiff's constitutional or other rights, and accordingly, all allegations of Paragraph XXII are hereby denied.

23. In response to the allegations contained in Paragraph XXIII of Plaintiff's Amended Complaint, Defendants deny they committed any act or omission which constituted a violation of Plaintiff's constitutional or other rights, and accordingly, all allegations of Paragraph XXIII are hereby denied.

24. In response to the allegations contained in Paragraph XXIV of Plaintiff's Amended Complaint, Defendants deny they committed any act or omission which constituted a violation of Plaintiff's constitutional or other rights, and accordingly, all allegations of Paragraph XXIV are hereby denied.

25. In response to the allegations contained in Paragraph XXV of Plaintiff's Amended Complaint, Defendants deny they committed any act or omission which constituted a violation of Plaintiff's constitutional or other rights, and accordingly, all allegations of Paragraph XXV are hereby denied.

26. In response to the allegations contained in Paragraph XXVI of Plaintiff's Amended Complaint, Defendants deny they committed any act or omission which constituted a violation of Plaintiff's constitutional or other rights, and accordingly, all allegations of Paragraph XXVI are hereby denied.

27. In response to the allegations contained in Paragraph XXVII of Plaintiff's Amended Complaint, Defendants are without sufficient information to either admit or deny the allegations of Paragraph XXVII; therefore, out of an abundance of caution,

such allegations are denied.

28.     In response to the allegations contained in Paragraph XXVIII of Plaintiff's Amended Complaint, Defendants are without sufficient information to either admit or deny the allegations of Paragraph XXVIII; therefore, out of an abundance of caution, such allegations are denied.

29.     In response to the allegations contained in Paragraph XXIX of Plaintiff's Amended Complaint, Defendants are without sufficient information to either admit or deny the allegations of Paragraph XXIX; therefore, out of an abundance of caution, such allegations are denied.

30.     In response to the allegations contained in Paragraph XXX of Plaintiff's Amended Complaint, Defendants are without sufficient information to either admit or deny the allegations of Paragraph XXX; therefore, out of an abundance of caution, such allegations are denied.

The Defendants further deny that plaintiff is entitled to any relief whatsoever.

## **AFFIRMATIVE DEFENSES**

AND NOW, having answered Plaintiff's Amended Complaint, the Defendants assert the following affirmative defenses to be shown and proven at a trial or a hearing of this matter:

I.

They damages allegedly sustained by the Plaintiff are speculative and are not recoverable.

II.

The Defendants plead all applicable privileges and immunities under both state

and federal law, including but not limited to, the common law and statutory doctrine of sovereign immunity, absolute immunity, and qualified immunity.  The Defendants state they are protected by sovereign, absolute, and/or qualified immunity against any claims for penalties, damages, attorney's fees, or any other damages as requested in the Plaintiff's Amended Complaint or other pleadings.

III.

To the extent the Amended Complaint raises any claim under Mississippi law, the Defendants specifically plead all protections to which they are entitled  pursuant to §11-46-1, et. seq., of the Mississippi Code of 1972, commonly known as the Mississippi Tort Claims Act, including, but not limited to, all notice requirements; all exemptions from the waiver of sovereign immunity; all statutes of limitations; the Defendants' right to a bench trial; and all limitations on liability contained therein.

IV.

The Defendants specifically deny each and every material allegation of the Amended Complaint, which have not been specifically admitted, regardless of paragraph number or lack thereof or paragraph letter or lack thereof.

V.

The Defendants would show that at all times, while dealing with the Plaintiff, or any other inmate at the Harrison County Adult Detention Center, the Defendants acted in a professional manner and conducted any and all of their interaction with the Plaintiff in accordance with the professional standards for inmate management and/or supervision as established in the Policies and Procedures Handbook for the Harrison County Adult Detention Center.  Unusual treatment, if any, was a result of and was

entirely justified by the legitimate penological needs of the Harrison County Adult Detention Center in securing individuals who presented a risk to other inmates or jail staff due to their criminal histories and their demonstrated efforts to act defiantly.  As such, to the extent any of Plaintiff's allegations are later proven to be true, they were entirely justified under the circumstances and in no way violated the Plaintiff's rights or any other provision of federal or state law.

VI.

The Defendants would show they Amended Complaint or other pleadings, to the extent that they seek punitive or exemplary damages, violate certain provisions of the Constitution of the United States and the Mississippi Constitution, including, but not limited to, the following:

It violates the Defendants' protection from "excessive fines" as provided in the Eighth Amendment to the United States Constitution and Article 3, Section 28 of the Constitution of the State of Mississippi.

It further violates the Defendants' rights to substantive due process as provided in the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Mississippi.

It violates the Fourteenth Amendment as said Amendment guarantees the Defendants equal protection of the law, and the Fourteenth Amendment would be violated by the imposition of punitive damages in that such a sanction is discriminatory and arbitrary in penalizing the Defendants on the basis of wealth.

VII.

The Fourth, Fifth, and Sixth Amendments form the basis for laws governing the

process, convicting, and sentencing of criminal Defendants and to the extent they Defendants are subjected to criminal sanctions through punitive damages, the burden of proof for imposing punitive damages is "beyond a reasonable doubt."

## VIII.

To the extent the Plaintiff has not exhausted his administrative remedies, the Defendants would show the Amended Complaint should be dismissed.

## IX.

The Defendants specifically invoke and plead all defenses to which they may be entitled under the Prison Litigation Reform Act, 42 U.S.C. §1997e(e).

## X.

The Defendants further reserve the right to amend or supplement this Answer, Defenses, and Affirmative Defenses to Plaintiff's Amended Complaint or other pleadings as discovery and investigation continue.

AND NOW, having fully answered and set forth their Answer, Defenses and Affirmative Defenses to Plaintiff's Amended Complaint or other general pleadings, the Defendants respectfully request they be dismissed from this civil action with their proper costs.

RESPECTFULLY SUBMITTED, this the \_\_\_\_ day of July, 2005.

      **GEORGE PAYNE, JR., IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES AS SHERIFF OF HARRISON COUNTY, AND DIANNE GATSON-RILEY, RICK GASTON, PHIL TAYLOR, RON WERBY, KENNY ROGERS, JUSTIN RICHARDS, ELAINE LEGE, BETH DESPER, DOUG BYERS, AND THOMAS CHAUSSEE IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES, Defendants**

      **BY:   DUKES, DUKES, KEATING & FANECA, P.A.**

      BY:   s/Cy Faneca
           CY FANECA, MSB #5128
           SARAH DEES RIMES, MSB #101555

Cy Faneca, MSB #5128
Sarah Dees Rimes, MSB #101555
**DUKES, DUKES, KEATING & FANECA, P.A.**
2909 - 13th Street, Sixth Floor
Post Office Drawer W
Gulfport, Mississippi 39502
Telephone:  (228) 868-1111
Facsimile:  228) 863-2886

## CERTIFICATE OF SERVICE

      I, CY FANECA, do hereby certify that I have this day delivered, via United States Mail, postage fully pre-paid, a true and correct copy of the above and foregoing pleading to the following:

         Armstrong Jacob Knight
         Marion/Walthall Correctional Facility
         503 South Main Street
         Columbia, Mississippi 39429

      This, the _____ day of July, 2005.

                          s/Cy Faneca
                          CY FANECA