IN THE UNITED STATES DISTRICT COURT
OF THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ARMSTRONG JACOB KNIGHT, #100175**                               **PLAINTIFF**

vs.                                         **CIVIL ACTION NO. 1:05cv186LG-JMR**

**SHERIFF GEORGE PAYNE, JR., et al.**                                **DEFENDANTS**

**MOTION FOR SUMMARY JUDGMENT AND QUALIFIED IMMUNITY BY DEFENDANTS, SHERIFF GEORGE PAYNE. JR., DIANNE GATSON-RILEY, RICK GASTON, PHIL TAYLOR, RON WERBY, KENNY ROGERS, JUSTIN RICHARDS, ELAINE LEGE, BETH DESPER, DOUG BYERS, AND THOMAS CHAUSSEE, IN BOTH THEIR INDIVIDUAL AND OFFICIAL CAPACITIES**

COME NOW, the Defendants, George Payne, Jr., in His Official and Individual Capacities as Sheriff of Harrison County, and Dianne Gatson-Riley, Rick Gaston, Phil Taylor, Ron Werby, Kenny Rogers, Justin Richards, Elaine Lege, Beth Desper, Doug Byers, and Thomas Chaussee, in their Individual and Official Capacities, by and through their counsel of record, Dukes, Dukes, Keating & Faneca, P.A., and file this their Motion for Summary Judgment and Qualified Immunity pursuant to Federal Rules of Civil Procedure 56, and would show unto the Court the following:

I.

Plaintiff, Armstrong Knight, filed this pro se lawsuit on April 26, 2005, alleging violations of his constitutional rights while incarcerated at the Harrison County Adult Detention Center (HCADC"). Plaintiff filed an Amended Complaint on June 2, 2005, pursuant to the Court's Order that he specifically state how each Defendant violated his constitutional rights. In Plaintiff's Complaint and Amended Complaint, Plaintiff claims that various Defendants are liable to him for damages incurred due to alleged violations of his

constitutional rights.

The basis of Plaintiff's allegations against each Defendant appear to be as follows:

(1) Sheriff George Payne, Jr. negligently subjected him to unacceptable conditions of confinement, failed to adequately train and supervise deputies, failed to "protect Plaintiff's claim," and failed to provide adequate medical care to Plaintiff;

(2) HCADC Warden Dianne Gatson-Riley allegedly failed to adequately supervise deputies, failed to "protect Plaintiff's claim," and subjected Plaintiff to unacceptable conditions of confinement;

(3) Captain Rick Gaston allegedly used excessive force against the Plaintiff, failed to provide adequate medical treatment, failed to provide acceptable conditions of confinement, and made derogatory statements toward the Plaintiff;

(4) Captain Phil Taylor allegedly failed to "protect Plaintiff's claim," failed to provide acceptable conditions of confinement, failed to provide medical treatment, and failed to conduct and supervise an orderly "shakedown";

(5) Ron Werby failed to "protect Plaintiff's claim" and failed to provide adequate medical care to the Plaintiff;

(6) Sergeant Kenny Rogers allegedly used excessive force against the Plaintiff and failed to provide medical treatment;

(7) Deputy Justin Richards allegedly used excessive force against the Plaintiff, failed to protect the Plaintiff, and failed to provide medical treatment to the Plaintiff;

(8) Deputy Elaine Lege allegedly failed to protect the Plaintiff and failed to provide medical treatment to the Plaintiff;

(9) Deputy Beth Desper allegedly failed to protect the Plaintiff and failed to provide medical treatment to the Plaintiff;

(10) Deputy Doug Byers allegedly used excessive force against the Plaintiff and failed to provide medical treatment to the Plaintiff; and

(11) Deputy Thomas Chaussee allegedly used excessive force against the Plaintiff, failed to provide medical treatment, and denied privileges to the Plaintiff.

Plaintiff is not clear as to the exact dates of these alleged incidents, however his testimony is clear that all alleged incidents occurred prior to his guilty plea on December 12, 2003.

In his Complaint, Plaintiff seeks One Million ($1,000,000.00) Dollars in damages from each named Defendant who allegedly physically abused him, and Five Hundred Thousand ($500,000.00) Dollars from all other Defendants. Plaintiff seeks punitive damages in an undisclosed amount and injunctive relief.

## II.

On or about July 15, 2005, Defendants filed their Answers, Defenses and Affirmative Defenses, denying the allegations in the Plaintiff's Complaint. On July 18, 2005, Defendants propounded written discovery to the Plaintiff consisting of Interrogatories, Requests for Production Documents, and Requests for Admissions. On August 17, 2005, Defendants received Plaintiff's response to Defendants' discovery requests.

## III.

Defendants are entitled to summary judgment on grounds that Plaintiff cannot

establish that any constitutional violations occurred. The existence of a constitutional violation is a required element of any claim under 42 U.S.C. §1983.

**IV.**

However, even if the Complaint or Amended Complaint is construed to sufficiently allege a constitutional claim, in the alternative any individual capacity claims against these Defendants should be dismissed as these Defendants are protected by qualified immunity. Plaintiff cannot establish that any of these Defendants personally deprived him of a clearly established constitutional right, or that their actions were objectively unreasonable under the circumstances.

**V.**

Even if the Court determines that Plaintiff has sufficiently alleged constitutional violations for use of excessive force against, Defendants Rick Gaston, Kenny Rogers, Doug Byers, Thomas Chaussee, and Justin Richards, Plaintiff must still demonstrate that these Defendants did not apply the force in a good faith effort to maintain and restore discipline, but instead applied it maliciously and sadistically for the very purpose of causing Plaintiff harm. See Valencia v. Wiggins, 981 F.2d 1440, 1446 (5th Cir. 1993). There is nothing in the record to indicate, nor can Plaintiff produce any evidence, that these Defendants acted with malicious or sadistic intent towards the Plaintiff in order to cause him harm, and his claims for excessive force fail.

**VI.**

Plaintiff fails to allege that any of the relevant Defendants, specifically Sheriff George Payne, Rick Gaston, Phil Taylor, Ron Werby, Kenny Rogers, Justin Richards,

Elaine Lege, Beth Desper, Doug Byers, or Thomas Chaussee, denied him proper medical treatment while he was incarcerated at HCADC. Even if any of his claims could be construed as properly pled allegations for inadequate medical treatment, the admissible summary judgment evidence clearly shows Plaintiff did receive adequate and proper medical care.

### VII.

Plaintiff fails to sufficiently allege that any of the relevant Defendants, specifically George Payne, Jr., Dianne Gatson-Riley, Rick Gaston, and Phil Taylor were negligent by subjecting him to unacceptable conditions of confinement while incarcerated HCADC. Moreover, the summary judgment evidence demonstrates that Plaintiff cannot show that he was subjected to such conditions with the intent to punish or retaliate against him, so his conditions of confinement claims fail.

### VIII.

Plaintiff fails to sufficiently allege that any of the relevant Defendants, specifically George Payne, Jr., Justin Richards, Elaine Lege, and Beth Desper, failed to protect Plaintiff while he was incarcerated at the HCADC.

### IX.

Plaintiff fails to properly allege that Defendant Sheriff George Payne, Dianne Gatson-Riley, or Phil Taylor failed to supervise other officers. Even assuming of his claims could be construed as sufficiently alleging inadequate training and supervision claims, demonstrates that Plaintiff has not shown a pattern of similar incident or a deliberately conscious choice by the governmental entity at issue to endanger Plaintiff's constitutional rights.

**X.**

Lastly, Plaintiff fails to properly allege that the relevant Defendants, specifically, George Payne Jr., Dianne-Gatson Riley, Phil Taylor, and Ron Werby failed to "protect Plaintiff's claim." At most, this claim is merely a negligence claim, which is not actionable under 42 U.S.C. §1983.

**XI.**

To the extent Plaintiff is bringing this action against Defendants in their official capacities, he must first establish a constitutional violation, and then must satisfy the test for official capacity liability under 42 U.S.C. §1983. This test requires Plaintiff to establish: (1) that the Sheriff's Office had an official policy, practice, or custom which would subject it to §1983 liability; (2) that the official policy is causally linked to the constitutional violation; and (3) that the official policy reflects the Sheriff's deliberate indifferent to the relevant injury. See Lawson v. Dallas County, 286 F.3d 257, 263 (5th Cir. 2002). Plaintiff cannot present evidence sufficient to satisfy any of these elements and these Defendants are entitled to a judgement as a matter of law on all official capacity claims.

**XII.**

In the alternative, under the Prison Litigation Reform Act, "no federal civil action may be brought by a prisoner...... for mental or emotional injuries suffered while in custody without a prior showing of physical injury." 42 U.S.C. §1997e(e). If a plaintiff fails to show a physical injury, § 1997 e( e) bars recovery for mental and emotional damages. See Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999). In order to determine whether a prisoner has sustained the necessary physical injury to support a claim for mental or emotional suffering, the "injury must be more than de minimis, but need not be significant."

See Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997).

Plaintiff claims, although not in his request for relief, that he suffered mental anguish due to these alleged constitutional violations; however, Plaintiff cannot produce any evidence showing that he suffered from a physical injury due to the incidents he alleges. Any claims against these Defendants for emotional or mental injuries should be dismissed with prejudice.

## XIII.

To the extent the Complaint could be construed to allege claims under state law, they are barred by provisions of the Mississippi Tort Claims Act, Miss. Code Ann. §11-46-1, et. seq. Specifically, the Tort Claims Act provides that a governmental entity shall not be liable for the claim

> of any claimant who at the time the claim arises is an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution regardless of whether such claimant is or is not an inmate...when the claim is filed.

Miss. Code Ann. § 11-46-9(1)(m).

In this case, it is undisputed that Plaintiff was incarcerated at the HCADC at the time these events allegedly occurred. Any claims Plaintiff may be raising under Mississippi law are therefore clearly barred by the Tort Claims Act, and should be dismissed with prejudice.

## XIV.

Plaintiff has failed to identify any and all "John Doe" Defendants as previously ordered by this Court; therefore, all "John Doe" Defendants should be dismissed from this action

7

**XV.**

In support of this Motion, Defendants rely upon the following:

| | | |
|---|---|---|
| **Exhibit "A"** | - | George Payne, Jr.'s Affidavit |
| **Exhibit "A-1"** | - | Harrison County Adult Detention Center Policy and Procedures Directives Healthcare Services |
| **Exhibit "B"** | - | Phil Taylor's Affidavit |
| **Exhibit "B-1"** | - | Harrison County Adult Detention Center Policy and Procedures Directives Healthcare Services |
| **Exhibit "B-2"** | - | Harrison County Adult Detention Center Policy and Procedures Directives Inmate Grievances |
| **Exhibit "C"** | - | Dianne Gatson-Riley's Affidavit |
| **Exhibit "C-1"** | - | Nurses Notes, Physicians Notes, Health Service Request Form, Inmate Request Form, Inmate Grievance Report, Narrative Forms |
| **Exhibit "C-2"** | - | Guilty Plea |
| **Exhibit "C-3"** | - | Harrison County Adult Detention Center Policy and Procedures Directive for Inmate Grievance |
| **Exhibit "C-4"** | - | Rule Violation Reports |
| **Exhibit "D"** | - | Plaintiff's Deposition, Pages 49, 50, 55-57, 62-64, 81-83, 86-91, 98-99, 101-104. |
| **Exhibit "E"** | - | Rick Gaston's Answers to Plaintiff's Interrogatories |
| **Exhibit "F"** | - | Rick Gaston's Affidavit |
| **Exhibit "G"** | - | Kenny Rogers' Affidavit |
| **Exhibit "G-1"** | - | Narrative Form, dated 11/07/02 |
| **Exhibit "H"** | - | Justin Richards' Affidavit |
| **Exhibit "I"** | - | Doug Byers' Answers to Plaintiff's Interrogatories |

8

| | | |
|---|---|---|
| **Exhibit "J"** | - | Doug Byers' Affidavit |
| **Exhibit "K"** | - | Harrison County Adult Detention Center Policy and Procedures Directive for Use of Force |
| **Exhibit "L"** | - | Desper's Answers to Plaintiff's Interrogatories |
| **Exhibit "M"** | - | Justin Richards' Answers to Plaintiff's Interrogatories |

Defendants further rely upon their Memorandum of Authorities submitted to the Court contemporaneously herewith.

WHEREFORE, PREMISES CONSIDERED, Defendants George Payne, Jr., Dianne Gatson-Riley, Rick Gaston, Phil Taylor, Ron Werby, Kenny Rogers, Justin Richards, Elaine Lege, Beth Desper, Doug Byers, and Thomas Chaussee file this their Motion for Summary Judgment and Qualified Immunity, and respectfully move this Honorable Court to enter an Order granting Defendants' Motion and dismissing this civil action with prejudice, and with costs. Defendants pray for such other and further relief as this Honorable Court deems appropriate.

RESPECTFULLY submitted this the 1st day of March, 2006.

**GEORGE PAYNE, JR., IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES AS SHERIFF OF HARRISON COUNTY, AND DIANNE GATSON-RILEY, RICK GASTON, PHIL TAYLOR, RON WERBY, KENNY ROGERS, JUSTIN RICHARDS, ELAINE LEGE, BETH DESPER, DOUG BYERS, AND THOMAS CHAUSSEE, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES, Defendants**

**BY:  DUKES, DUKES, KEATING & FANECA, P.A.**

BY:  /s/Cy Faneca
     CY FANECA, MSB #5128

9

Cy Faneca, MSB #5128
Sul Ozerden, MSB #99220
Haley N. Broom, MSB #101838
**DUKES, DUKES, KEATING & FANECA, P.A.**
14094 Customs Blvd., Suite 100
Post Office Drawer W
Gulfport, Mississippi 39502
**Telephone:** (228) 868-1111
**Facsimile:** (228) 863-2886


### CERTIFICATE OF SERVICE

I, CY FANECA, do hereby certify that I have this day delivered, via United States Mail, postage fully pre-paid, a true and correct copy of the above and foregoing pleading to the following:

>  Armstrong Jacob Knight, #100175
>  S.M.C.I. II, Building E, A-Zone, Bed #46
>  Post Office Box 1419
>  Leakesville, Mississippi 39451

This, the 1st day of March, 2006.


  /s/Cy Faneca
  CY FANECA