IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI

FIRST JUDICIAL DISTRICT

State of Mississippi

VS   NO. B2401-2003-218; B2401-2003-744
     B2401-2003-745; B2401-2003-746

**Armstrong Jacob Knight**
D.O.B: 05/27/82  W/M
S.S.N: 556/17/7171

### ORDER

This day this cause came on to be heard for plea. Present in Court were the defendant and his counsel of record, Jim Davis, and Assistant District Attorney for the State of Mississippi, Larry Bourgeois. The defendant having filed a petition to enter plea of GUILTY in which he was advised of his legal and constitutional rights in the premises and being further advised of the consequences of such a plea, did then and there enter his plea of GUILTY to said charge. The Court thereupon found that the defendant knowingly and voluntarily waived his constitutional rights to trial; and the plea of GUILTY was freely and voluntarily made; that the defendant is GUILTY based upon the facts presented to the Court and the Court adjudicated the defendant to be GUILTY of the charge of **Manslaughter in B2401-2003-218, Possession of Firearm after Felony Conviction in cause numbers B2401-2003-744 and B2401-2003-745, and Carry Concealed Weapon After Felony Conviction in B2401-2003-746.**

Thereupon the defendant was placed at the Bar of the Court for sentence and was asked by the Court if he had anything to say why the judgment should not be pronounced and no sufficient cause to the contrary being shown or appearing to the Court, the State made the recommendation that the defendant be sentenced to *Twenty Years in B2401-*

*2003-218, Two and One Half Years in B2401-2003-744, Two and One Half Years in B2401-2003-745, and Five Years in B2401-2003-746.*

Ordered that the recommendation of the State of Mississippi would be followed and the defendant is hereby sentenced to serve **Twenty (20) Years in B2401-2003-218, Two and One Half (2 ½) Years in B2401-2003-744, Two and One Half (2 ½) Years in B2401-2003-745, and Five (5) Years in B2401-2003-746, to run consecutively with one another for a total of THIRTY (30) YEARS TO SERVE** in the Custody of the Mississippi Department of Corrections. *The defendant is given credit for time served. The defendant is also given credit for time served from 07/11/2002 to present, while waiting extradition from Texas to Mississippi.*

Ordered this the 2nd day of December, 2003.

JERRY O. TERRY, CIRCUIT JUDGE

hereby certify that the above and foregoing constitutes a true and correct copy.

Gayle Parker
Circuit Court Clerk
By_____ D.C

0077

FILED
DEC 3 2003
GAYLE PARKER, CLERK

393/66/-62

*Harrison County Adult Detention Center*
*Policy & Procedures Directives*

## INMATE GRIEVANCE

**POLICY:**   It is the policy of the Harrison County Adult Detention Center to provide to the inmates housed in it's facilities an internal grievance mechanism for the resolution of complaints arising from institutional matters. The intent is to reduce the need for litigation and afford the staff an opportunity to improve jail operations.

**PROCEDURE:**

**I.   GENERAL INFORMATION**

The Security Captain may appoint a Corrections Officer to fulfill the duties of the Grievance Officer who will be responsible for investigating and responding to all grievances. Shift Supervisors may also be charged with answering grievances.

All Corrections Officers, or other employees who receive a grievance must attempt to resolve the issue raised on the grievance if it falls within the responsibilities of his or her job description.

The grievance should state clearly the time, date, and names of all parties involved with all pertinent details of the incident or complaint.

Should a grievance make accusation of questionable acts or impropriety on the part of a Corrections Staff Member, the grievance will be forwarded to the Security Captain. A written response to the inmate will be made within ten working days of receipt of the grievance.

**II.   FILING**

An inmate may file a grievance at any time to bring a problem to the attention of the staff or to appeal a specific action. An inmate may file only for him/herself, although an inmate may assist another inmate in filing. Only one grievance may be filled out at a time on any one single incident or item of concern. An inmate may withdraw a grievance at any time. No staff member will retaliate against an inmate for filing or withdrawing a grievance.



### III. BASIS FOR GRIEVANCES

A grievance may be filed for any one of the following reasons:

1. Lost property
2. Staff conduct
3. Conditions/confinement
4. Policy/procedures
5. Incidents
6. Reprisals
7. Mail
8. Discipline/classification

Only issues regarding activities within the facility can be addressed in the grievance procedure. Disciplinary actions have an appeal process and are not addressed in the grievance procedure. Issues relating to the Courts, Attorneys, and other issues over which the Harrison County Adult Detention Center has no control cannot be addressed in the grievance procedure. A grievance filed concerning any of these issues will be returned to the inmate with an explanation as to why it was returned.

### IV. REVIEW

If an inmate registers a complaint against a staff member, that employee shall not play a part in making a decision on the request. However, this shall not prevent the employee from being questioned or providing a narrative concerning the incident.

### V. GRIEVANCE CLASSIFICATION

A grievance will be classified as either an informal, standard, or emergency grievance.

**Informal Grievance** – may be resolved by staff at any level without the complete processing of a formal grievance.

**Standard Grievance** – may be processed through normal channels because there is not an immediate threat to the welfare or safety of an inmate.

**Emergency Grievance** – must be processed expeditiously because there appears to be an immediate threat to the welfare of an inmate.

### VI. INFORMAL GRIEVANCE

An inmate may verbally submit a grievance to any Corrections Officer. When presented with an informal grievance, the Corrections Officer may initiate corrective action if the actions is within the normal scope of the officers duties,

the officer will advise the Shift Supervisor. The Shift supervisor will attempt to resolve the matter or have the inmate initiate a standard grievance at their discretion.

## VII. STANDARD GRIEVANCE

An inmate may file a formal grievance within 30 days after a potential grievable event has occurred. The inmate must submit a detailed description of the occurrence in written form. All grievances will be forwarded to the Grievance Officer or Security Captain by way of the request cart. Grievances sent to the Director of Corrections will be given to the Grievance Officer for further investigation. Once the investigation has been completed the Investigating Officer will notify the inmate in written form of corrective action if necessary. The shift Supervisor may delay an investigation of a grievance until employees who may have knowledge of the incident are on duty to respond.

## VIII. EMERGENCY GRIEVANCE

Once an emergency grievance has been submitted the officer will immediately contact his/her Shift Supervisor. The Shift supervisor will be responsible for determining whether the situation is in deed life threatening. In the event the situation appears to be life threatening the Shift Supervisor will contact the Security Captain and corrective measures will be taken at that time.

## IX. GRIEVANCE OFFICER

The Grievance Officer will process and investigate all standard grievances. The Grievance officer will conduct interviews with all individuals involved in order to verify facts. Once the investigation has been completed a written response will be submitted to the inmate who filed the grievance, inmate file, grievance file. A monthly report of grievances addressed will be submitted to the Security Captain Chief of Security and the Director of Corrections.

## X. GRIEVANCE APPEALS

An inmate may file a written appeal within 72 hours of the Grievance Officers decision. The appeal will be forwarded to the Security Captain for review. The Security Captain will respond to the inmate in writing regarding the outcome of his/her appeal, additionally, a copy will be placed in the inmates file. In the event the inmate has been released or transferred a copy will be forwarded to their new location, where possible. A copy of the appeal will be sent to the Director of Corrections for review.

## XI.   RECORDS

Once the grievance process has been completed a complete copy of all documents (i.e., original grievance, investigation note & final disposition) will be forwarded to Record to include in the inmate's custody file.

_____Riley_____          _____01/01/01_____
Facility Administrator                                              Effective Date