IN THE UNITED STATES DISTRICT COURT
OF THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ARMSTRONG JACOB KNIGHT, #100175**  **PLAINTIFF**

vs.  **CIVIL ACTION NO. 1:05cv186LG-JMR**

**SHERIFF GEORGE PAYNE, JR., et al.**  **DEFENDANTS**

ANSWERS OF DEFENDANT, RICK GASTON
TO PLAINTIFF'S INTERROGATORIES

COMES NOW, Defendant, Rick Gaston, in his Official and Individual Capacities, by and through his attorneys of record, Dukes, Dukes, Keating and Faneca, P.A., and files this his Answers the Plaintiff's Interrogatories as follows, to-wit:

Defendant reserves his right to supplement these Answers as investigation and discovery continue.

**INTERROGATORY NO. 1:** Please identify yourself fully giving your full name, any alises (sic), age, date of birth, and Social Security Number. If you have changed your name, please provide your legal birth name, also your last known address(es) for the past ten years, with reason for moving.

**ANSWER:** Defendant objects to Interrogatory No. 1 in that said Interrogatory requests information which is irrelevant or not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding said objection, Defendant would state that his full name is James Ricky Gaston, 10451 Larkin Smith Drive, Gulfport, Mississippi 39503.

1



EXHIBIT "E"

**INTERROGATORY NO. 2:**  Have you ever been convicted of a felony or mistomeanor (sic) criminal offense?  If your answer is in the affirmative, please furnish specifics concerning each offense, including the date, place, disposition of case, cause no., court and sentence imposed.  Also, include the same regarding ever being placed on probation or parole as a result of any Court apperance (sic), weither (sic) or not the conviction or offense/incodent (sic) has ever been erased or expunged from any record.

**ANSWER:**  Defendant would state that he has not ever been convicted of a felony or misdemeanor.

**INTERROGATORY NO. 3:**  Have you ever been involved as a plaintiff or defendant in any other lawsuits, concent(s) (sic) decree(s) (sic) or any other claims and/or civil actions, for claims of monetary or injunctive relief?

If your answer is in the affirmative, please firnish (sic) specifics concerning each alligations (sic) of any such lawsuits, actions or claims, including the names of all partys (sic) thereto, the court, state, county and case number under which the lawsuit was filed, and the disposition of the case.

**ANSWER:**  Defendant objects to Interrogatory No. 3 as unduly burdensome, and it seeks information that is irrelevant or not reasonably calculated to lead to discovery of admissible evidence.  Notwithstanding said objection, Defendant would state that any suit filed against him is a matter of public record, and is on file at the United States District Court or the Circuit Court of Harrison County, Mississippi.

**INTERROGATORY NO. 4:**  Are you now, or have you ever been married?  If your answer is in the affirmative, please list the maden (sic) and married name of your past

or present spouse(s); last known address(es), telephone number(s), and place(s) of marrage(sic)(s); and reason(s) for the termination of the marrage(sic)(s). Please provide the same information for any children you have, weither (sic) or not if you had them with one of your spouses.

**ANSWER:** Defendant objects to Interrogatory No. 4 in that it seeks information which is irrelevant or not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 5:** Please identify, by name, address (sic), and telephone number, giving the full and true identity of all persons including name, alises (sic), age, date, of birth and Social Security number with any changed and/legal birth name, all witnesses you will or may call at trial.

**ANSWER:** Defendant would state that there are no such witnesses to identify at this early stage of discovery, however, Defendant reserves his right to call any party or any individual identified in any party's discovery responses, and to supplement this Answer at a later date in accordance with the Fed.R.Civ.P.

**INTERROGATORY NO. 6:** Please list and identify each indivisual (sic) whom you propose to call as an expert witness at the trial of this Cause, state the subject matter on which the expert is exspected (sic) to testify, the substance of the facts and opinions to which the expert is exspected (sic) to testify, and a summary of the grounds for each such opinion. Please also furnish as a part of your answer to this interrogatory, a resume or ciriculum (sic) vitae of each proposed expert witness.

**ANSWER:** Defendant would state that there are no such witnesses to identify at this early stage of discovery, however, Defendant reserves his right to supplement this

answer at a later date in accordance with the Fed.R.Civ.P.

**INTERROGATORY NO. 7:** How long have you worked at your current employment, have you ever worked for any other agency, for the government. If your answer is in the affirmative state the outfit(s), position(s) and length of employment, state the reason you no longer work for your former employment(s) what the style of termination(s) were.

**ANSWER:** Defendant has been employed and held the rank of Captain at the Harrison County Adult Detention Center from June of 2000 to the present time.

**INTERROGATORY NO. 8:** Under your current employment, whare (sic) are you assigned, what do all your duties consist of, what is all you have under your control, what do you oporate (sic) under a daily basis and what are all the facts and circumstances surounding (sic) your employment. Also, if you have changed your position, rank, etc. throughout your employment state the changes, when they were made, if you have been demoted state the reason.

**ANSWER:** Defendant objects to Interrogatory No. 8 in that it is duplicative. Notwithstanding said objection, Defendant would refer Plaintiff to his Answer to Interrogatory No. 7.

**INTERROGATORY NO. 9:** Have you ever been fired, impeached, suspended, voluntarily resigned or disiplined (sic) administratively during any previous employment, or your current employment regarding acts or omissions made by you weither (sic) intently or not?

If your answer is in the affirmative, please attach and identify as part of your answer

4

to this interrogatory, any reports, documents and effects related to such, including the concerns to disposition and disclose the relevant facts and circumstances related therein.

**ANSWER:** Defendant would state that he has never been fired, impeached, suspended, voluntarily resigned, or disciplined administratively.

**INTERROGATORY NO. 10:** Did you ever make any narritive (sic), report, entry, any whare (sic) regarding the issues outlined in the initial and amended complaint made against you?

If your answer is in the affirmative, how many, what types, whare (sic) are they held, what do they concern and are they 100% true and factual to the matters you come to know?

**ANSWER:** Defendant objects to Interrogatory No. 10 in that it is overly broad and lacks specificity. Notwithstanding said objection, Defendant would state that said documents do not exist.

**INTERROGATORY NO. 11:** Have you ever been found, (with or without any type of repremand (sic) or punishment imposed) by any Court or Official authority to have comitted (sic) any kind of purjury (i.e., virbal (sic) testimony, written interrogatory, etc.)

If your answer is in the affirmative, state how many times, in what way they were comitted (sic). State the finding authority and the facts and circumstances in which they were committed.

**ANSWER:** Defendant would state that he has never been found to have committed any kind of perjury.

**INTERROGATORY NO. 12:** Why were you on B-Block on August 16 and 21, 2002?

5

**ANSWER:** Defendant objects to Interrogatory No. 12 in that it is overly broad, lacks specificity and is not limited in time and scope. Subject to the foregoing, as best this Defendant can recall, he was on B-Block performing an organized shakedown.

**INTERROGATORY NO. 13:** Who informed you that the plaintiff was being a disturbance, and what type of disturbance was that?

**ANSWER:** Defendant objects to Interrogatory No. 13 in that it is overly broad and lacks specificity. Notwithstanding said objection, Defendant would state he was not informed of a disturbance.

**INTERROGATORY NO. 14:** What regulations and/or guidelines, or other known training and practice do you follow when using excessive force or do you just use what you know?

**ANSWER:** Defendant objects to Interrogatory No. 14 in that it lacks specificity. Notwithstanding said objection, Defendant would refer the Plaintiff to **Exhibit "2"** attached to Defendant, George Payne's Response to Plaintiff's Request for Production No. 19.

**INTERROGATORY NO. 15:** Why dident (sic) you get the plaintiff medical attention?

**ANSWER:** Defendant objects to Interrogatory No. 15 in that it lacks specificity. Notwithstanding said objection, Defendant would state that if an inmate makes a request for medical care, it is the policy of the Harrison County Adult Detention Center to forward that request to the Medical Unit, and they advise which inmates are to be seen by medical personnel.

**INTERROGATORY NO. 16:** Did you not think the Plaintiff became injured because of being kicked and steped (sic) and stomped on?

**ANSWER:** Defendant objects to Interrogatory No. 16 in that said Interrogatory lacks specificity.

**INTERROGATORY NO. 17:** Does "H.C.A.D.C." maintain any K-9 (dogs) for any purposes, how many, what is their training and certification, what is their purpose. What regulations and/or guidelines cover the maintenance and deployment of such? State and explain them.

**ANSWER:** Defendant objects to Interrogatory No. 17 in that it is overly broad and vague. In addition, it seeks information which is irrelevant or not reasonably calculated to lead to discovery of admissible evidence. Notwithstanding said objection, Defendant would state that he is not involved in K-9 Operations.

**INTERROGATORY NO. 18:** Can any officers summon up to 3 or 4 K-9 and aprox (sic) 15 officers and conduct a shakedown. Explain in its entirity (sic) the process for doing so. Explain which officers have authority to do so and documents to compile in relation to doing so.

**ANSWER:** Defendant objects to Interrogatory No. 18 in that it seeks information which is irrelevant or not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding said objection, Defendant would state that not any Officer can summon Officers for a "shakedown". An organized "shakedown" involves planning to insure safety for all parties involved.

**INTERROGATORY NO. 19:** How long does it take to prepair [sic[ both 4 K-9 and 15 officers?

**ANSWER:** Defendant objects to Interrogatory No. 19 in that it is overly broad, lacks specificity, and is vague. In addition, it seeks information which is irrelevant or not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 20:** Explain in its entirity (sic) actions to be taken and documents to be filed when inmates cause both and separatly (sic) a small disturbance and major disturbance.

**ANSWER:** Defendant objects to Interrogatory No. 20 in that it seeks information which is irrelevant or not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding said objection, Defendant would refer Plaintiff to **Exhibit "2"** attached to Sheriff George Payne's Response to Plaintiff's Request for Production No. 19 for H.C.A.P.C.'s Discipline Policy and Procedures.

**INTERROGATORY NO. 21:** What actions are taken, what records and documents are compiled or created when filing excessive use of force reports? How is one filed and tracked or located, when excessive force is used, if filing a excessive use of force report mandatory? What is to happen when a officer fails to do so?

**ANSWER:** Defendant objects to Interrogatory No. 21 in that it seeks information which is duplicative and is not reasonably calculated to lead to discovery of admissible evidence. Notwithstanding said objection, Defendant would refer the Plaintiff to his Answer to Interrogatory No. 14.

**INTERROGATORY NO. 22:** Does "H.C.A.D.C." and/or "H.C." have any regulations and/or guidelines or other writen (sic) or unwritten standards it regards to living conditions and the handling of inmates, if so state them all and exsplain (sic) what they are and what they're for.

**ANSWER:** Defendant objects to Interrogatory No. 22 in that it lacks specificity and is beyond the scope of discovery and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding said objection, Defendant would refer the Plaintiff to **Exhibit "3"** attached to Sheriff George Payne's Response to Plaintiff's Request for Production No. 20, and also **Exhibit "2"** attached to Sheriff George Payne's Response to Plaintiff's Request for Production No. 19.

**INTERROGATORY NO. 23:** What is the institutional action regarding overall and seperatly (sic) internally taken, when a hurricane is predicted to hit the gulf coast, specifically affecting "H.C.A.D.C." State all regulations and guidelines followed in such circumstances.

**ANSWER:** Defendant objects to Interrogatory No. 23 in that it seeks information which is irrelevant or not reasonably calculated to lead to the discovery of admissible evidence. In addition, this Interrogatory is overly broad, vague and lacks specificity.

**INTERROGATORY NO. 24:** Do any officers working under diffrent (sic) capasity's (sic) ever wear different uniforms, or no uniform at all.

If so, specify the diffrent (sic) capasity's (sic), describe diffrent uniforms, their meaning and reason for such use. Specify if certin (sic) staff are not allowed to wear other types of uniform and explain why.

**ANSWER:** Defendant objects to Interrogatory No. 23 in that it is overly broad and seeks information that is irrelevant or not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 25:** Why dident (sic) you see to the plaintiff's complaints about being without any property for an excess of thirty 30 days.

**ANSWER:** Defendant objects to Interrogatory No. 25 in that it lacks specificity.

**INTERROGATORY NO. 26:** Have you ever been repremanded (sic) for your actions? And have you ever answered to any investigation or investigative questins (sic)? If so, who was investigating, what was the questins (sic) and your answers.

**ANSWER:** Defendant objects to Interrogatory No. 26 on the grounds that it is duplicative and seeks information which is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects in that Plaintiff has exceeded the Interrogatory limit established by Rule 33 of the Fed.R.Civ.P.

**INTERROGATORY NO. 27:** How many excessive use of force reports have you compiled , and how many altercations have you been in since January 2000

**ANSWER:** Defendant objects to Interrogatory No. 27 on the grounds that it is duplicative and seeks information which is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects in that Plaintiff has exceeded the Interrogatory limit established by Rule 33 of the Fed.R.Civ.P.

**INTERROGATORY NO. 28:** How long have you been an atheist?

**ANSWER:** Defendant objects to Interrogatory No. 28 on the grounds that it seeks information which is irrelevant or not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects in that Plaintiff has exceeded the Interrogatory limit established by Rule 33 of the Fed.R.Civ.P.

**INTERROGATORY NO. 29:** Have you ever been diagnosed with any mental or emotional condition? If so, state all facts and circumstances.

**ANSWER:** Defendant objects to Interrogatory No. 29 on the grounds that it seeks information which is irrelevant or is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects in that Plaintiff has exceeded the Interrogatory limit established by Rule 33 of the Fed.R.Civ.P.

RESPECTFULLY SUBMITTED, this the 15th day of February, 2006.

/s/Rick Gaston
RICK GASTON

STATE OF MISSISSIPPI

COUNTY OF HARRISON____

Rick Gaston, being first duly sworn on his oath, deposes and says that he has read the foregoing Answers to Interrogatories in his official and individual capacities, and he subscribes and knows the contents thereof, that said responses were prepared with the advice and assistance of counsel, that the responses set forth herein, subject to inadvertent or undiscovered errors, are based on and therefore necessarily limited by the records and information still in existence, presently recollected and thus far discovered in the course of the preparation of these responses; that consequently, he reserves the right to make any changes in the responses if it appears at any time that omissions or errors have been made therein or that more accurate information is available and that subject to the limitations as set forth herein, said responses are true and correct to the best of his knowledge, information and belief.

Witness my signature, this the 15th day of February, 2006.

_/s/Rick Gaston_
RICK GASTON

SWORN TO AND SUBSCRIBED BEFORE ME, this the 15th day of February, 2006.

_/s/Cheryl H. Hicks_
NOTARY PUBLIC

My Commission Expires:  03/09/07

RICK GASTON, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES, Defendant

AS TO OBJECTIONS:

BY:   DUKES, DUKES, KEATING & FANECA, P.A.


BY:     /s/Cy Faneca  
       CY FANECA, MSB #5128
       HALIL "SUL" OZERDEN, MSB #99220


Cy Faneca, MSB #5128
Halil "Sul" Ozerden, MSB #99220
**DUKES, DUKES, KEATING & FANECA, P.A.**
14094 Customs Boulevard, Suite 100
Post Office Drawer W
Gulfport, Mississippi  39503
**Telephone:**  (228) 868-1111
**Facsimile:**   (228) 863-2886


## CERTIFICATE OF SERVICE

I, CY FANECA, do hereby certify that I have this day delivered, via United States Mail, postage fully pre-paid, a true and correct copy of the above and foregoing pleading to the following:

    Armstrong Jacob Knight, #100175
    S.M.C.I. II, Building E, A-Zone, Bed #46
    Post Office Box 1419
    Leakesville, Mississippi  39451

This, the 1st day of March, 2006.

                                                               /s/Cy Faneca  
                                                             CY FANECA