IN THE UNITED STATES DISTRICT COURT
OF THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ARMSTRONG JACOB KNIGHT, #100175**  **PLAINTIFF**

VS.  **CIVIL ACTION NO. 1:05cv186LG-JMR**

**SHERIFF GEORGE PAYNE, JR., et al.**  **DEFENDANTS**

### ANSWERS OF DEFENDANT, DOUG BYERS, TO PLAINTIFF'S INTERROGATORIES

COMES NOW, Defendant, Doug Byers, in his Official and Individual capacities, by and through his attorneys, Dukes, Dukes, Keating & Faneca, P.A., and pursuant to the Fed. R. Civ. P. files this his Answers to Plaintiff's First Set of Interrogatories as follows, to-wit:

Defendant reserves his right to amend and supplement these Answers as investigation and discovery continue.

**INTERROGATORY NO. 1:** Please identify yourself fully giving your full name, any alises (sic), age, date of birth, and Social Security Number. If you have changed your name, please provide your legal birth name, also your last known address(es) for the past ten years, with reason for moving.

**ANSWER:** Defendant objects to Interrogatory No. 1 in that it seeks information which is irrelevant or not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding said objection, Defendant would state that his full name is Douglas Byers, 10451 Larkin Smith Drive, Gulfport, Mississippi 39503.

1



**INTERROGATORY NO. 2:** Have you ever been convicted of a felony or mistomeanor (sic) criminal offense? If your answer is in the affirmative, please furnish specifics concerning each offense, including the date, place, disposition of case, cause no., court and sentence imposed. Also, include the same regarding ever being placed on probation or parole as a result of any Court apperance (sic), weither (sic) or not the conviction or offense/incodent (sic) has ever been erased or expunged from any record.

**ANSWER:** Defendant would state that he has not ever been convicted of a felony or misdemeanor.

**INTERROGATORY NO. 3:** Have you ever been involved, as a Plaintiff or Defendant in any other lawsuits, consent decrees or any other claims and/or civil actions, for claims of monetary or injunctive relief?

If your answer is in the affirmative, please furnish specifics concerning each allegation of any such lawsuits, actions or claims, including the name of all parties thereto, the court, state, county and case number under which the lawsuit was filed, and the disposition of the case.

**ANSWER:** Defendant objects to Interrogatory No. 3 in that it is unduly burdensome, and it seeks information that is irrelevant or not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding said objection, Defendant would state that any suit filed against him is a matter of public record, and is on file at the United States District Court or the Circuit Court of Harrison County, Mississippi.

**INTERROGATORY NO. 4:** Are you now, or have you ever been married? If your answer is in the affirmative, please list the maden (sic) and married name of your past or

present spouse(s); last known address(es), telephone number(s), and place(s) of marrage(sic)(s); and reason(s) for the termination of the marrage(sic)(s). Please provide the same information for any children you have, weither (sic) or not if you had them with one of your spouses.

**ANSWER:**   Defendant objects to Interrogatory No. 4 in that it seeks information which is irrelevant or not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 5:**   Please identify, by name, address (sic), and telephone number, giving the full and true identity of all persons including name, alises (sic), age, date, of birth and Social Security number with any changed and/legal birth name, all witnesses you will or may call at trial.

**ANSWER:**   Defendant would state that there are no such witnesses to identify at this early stage of discovery, however, Defendant reserves his right to call any party or any individual identified in any party's discovery responses, and to supplement this Answer at a later date in accordance with the Fed. R. Civ. P.

**INTERROGATORY NO. 6:**   Please list and identify each indivisual (sic) whom you propose to call as an expert witness at the trial of this Cause, state the subject matter on which the expert is exspected (sic) to testify, the substance of the facts and opinions to which the expert is exspected (sic) to testify, and a summary of the grounds for each such opinion. Please also furnish as a part of your answer to this interrogatory, a resume or ciriculum (sic) vitae of each proposed expert witness.

**ANSWER:**   Defendant would state that there are no such witnesses to identify at this early age of discovery, however, Defendant reserves his right to supplement this

Answer at a later date in accordance with the Fed. R. Civ. P.

**INTERROGATORY NO. 7:** How long have you worked at your current employment, have you ever worked for any other agency, for the government.

If your answer is in the affirmative, state the outfit(s), position(s) and lenth (sic) of employment, state the reason you no longer work for your former employment(s) what the style of termination(s) were.

**ANSWER:** Defendant would state that he is currently employed by Harrison County Sheriff's Department Patrol Division and has been since 2003. Prior to this, he was employed with Harrison County Adult Detention Center for two (2) years. Defendant had retired from the United States Navy in 2002. Defendant would state that he was not at work on the day of the incident.

**INTERROGATORY NO. 8:** Under your current employment, whare (sic) are you assigned, what do all your duties consist of, what is all you have under your control, what do you oporate (sic) under a daily basis and what are all the facts and circumstances surrounding your employment. Also, if you have changed your position, rank, etc. throughout your employment state the changes, when they were made, if you have been demoted state the reason.

**ANSWER:** Defendant would state he is a patrol officer with the City of D'Iberville Harrison County Sheriff Department Defendant would state that he was not present on the day of the incident.

**INTERROGATORY NO. 9:** Have you ever been fired, impeached, suspended, voluntarily resigned or disiplined (sic) administratively during any previous employment, or your current employment regarding acts or omissions made by you weither (sic) intently

or not?

If your answer is in the affirmative, please attach and identify as part of your answer to this interrogatory, any reports, documents and effects related to such, including the concerns to disposition and disclose the relevant facts and circumstances related therein.

**ANSWER:** Defendant would state that he has never been fired, impeached, suspended, voluntarily resigned, or disciplined administratively.

**INTERROGATORY NO. 10:** Did you ever make any narritive (sic), report, entry, any whare (sic) regarding the issues outlined in the initial and amended complaint made against you?

If your answer is in the affirmative, how many, what types, whare (sic) are they held, what do they concern and are they 100% true and factual to the matters you come to know?

**ANSWER:** Defendant objects to Interrogatory No. 10 in that it is overly broad and lacks specificity. Notwithstanding said objection, Defendant would state that the only documents in which Defendant was the reporting officer include those attached as Exhibit "1" to Defendant's Response to Plaintiff's Request No. 4.

**INTERROGATORY NO. 11:** Are you aware the inmates who were outside of their cell at the time you were hitting the plaintiff seen everything that went on?

**ANSWER:** Defendant objects to Interrogatory No. 11 in that it lacks specificity. In addition, Defendants would further object in that the said Interrogatory seeks information which is irrelevant or not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing, Defendant was not present on the day of the incident.

5

**INTERROGATORY NO. 12:** What reports, records, documents are made or filed and what actions do you take when you are involved with a dispute of the following type or activity:

    a.    have to use force on an inmate

    b.    have to use mace on an inmate

    c.    see an inmate get in an aultercation (sic) with another officer

    d.    assisting an inmate get property (housing, bed, clothes, etc.) that's been lost.

**ANSWER:** Defendant objects to Interrogatories No. 12 in that is overly broad and unduly burdensome. Defendant objects to Interrogatory No. 12 in that it seeks information which is irrelevant or not reasonably calculated to lead to discovery of admissible evidence. Notwithstanding said objection, Defendant would state that he was not at work on the day of the incident. Defendant would further refer Plaintiff to Defendant, Kenny Roger's, answer to Plaintiff's Interrogatory No. 23.

**INTERROGATORY NO. 13:** After ordering the plaintiff to the ground and handcuffing him in his cell in B-Block, D-Section whare (sic) were you going to take him, and/or what were you going to do with him?

**ANSWER:** Defendant objects to Interrogatory No. 13 in that it lacks specificity. Defendant would also state that he was not present on the day of the incident.

**INTERROGATORY NO. 14:** Why dident you get the plaintiff a doctor or nurse?

**ANSWER:** Defendant objects to Interrogatory No. 14 in that it lacks specificity. Defendant would also state that he was not present on the day of the incident.

**INTERROGATORY NO. 15:** Have you ever been sprayed in the face with mace or peper (sic) spray type agent?

6

If so, explain fully and the before and after action and effect, with the facts and circumstances surounding (sic).

**ANSWER:** Defendant objects to Interrogatory No. 15 in that it is seeking information which is irrelevant or not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 16:** Have you ever been found (with or without any type of punishment or repremand (sic) imposed) by any court or official authority to have commited (sic) any kind of purjury? (i.e. written, virbal (sic) testimony interrogatory, etc.) If So, state how many times, in what way they commited (sic) and state the finding authority with surounding (sic) facts and circumstances.

**ANSWER:** Defendant would state that he has never been found to have committed any kind of perjury.

**INTERROGATORY NO. 17:** What was the reason you enterd (sic) the plaintiff's cell for?

**ANSWER:** Defendant objects to Interrogatory No. 17 in that it lacks specificity.

**INTERROGATORY NO. 18:** Did you, at anytime, from July 2002 untill (sic) the present leave employment of "H.C.A.D.C." and become employed elsewhare (sic)?

If so, state when you left "H.C.A.D.C." and whare did you go be employed, for your return to "H.C.A.D.C." what is the style or manner in which you discontinue being employed (fired, quit, etc.) and the main, partial or underlying reason for discontinue employment there, to return to "H.C.A.D.C."

If such has happend (sic) more than once, explain the same in all.

**ANSWER:**   Defendant objects to Interrogatory No. 18 in that it is seeking information which is irrelevant or not reasonably calculated to lead to discovery of admissible evidence. Notwithstanding said objection, Defendant would refer Plaintiff to Defendant Response to Interrogatory No. 7.

**INTERROGATORY NO. 19:** When the plaintiff was sitting down on his bed, and was aproched (sic) by both you and Officer Chaussee, how great do you feel he was a threat, before handling him how you did?

**ANSWER:**   Defendant objects to Interrogatory No. 19 in that it lacks specificity.

**INTERROGATORY NO. 20:** Before you enterd (sic) the cell, and the door was secure between both you, officer Chaussee, and the plaintiff, how great do you feel he was a threat? Explain what the threat was.

**ANSWER:**   Defendant objects to Interrogatory No. 20 in that it lacks specificity.

**INTERROGATORY NO. 21:** What was your full extent of knowledge of the issue leading up to the abuse.

**ANSWER:**   Defendant objects to Interrogatory No. 21 in that it lacks specificity. Defendant further objects to this Interrogatory in that he is unclear as to what information Plaintiff is seeking regarding his alleged "knowledge of the issue leading up to the abuse".

**INTERROGATORY NO. 22:** Imidiatly (sic) following the repremand (sic) from your supervisor, whare (sic) did you go, what did you do?

**ANSWER:**   Defendant objects to Interrogatory No. 22 in that it lacks specificity. In addition, Defendant would further object in that said Interrogatory seeks information which is irrelevant or not reasonably calculated to lead to the discovery of admissible

evidence.

**INTERROGATORY NO. 23:** Who was the repremanding (sic) supervisor and all surounding (sic) on-looking officers.

**ANSWER:** Defendant objects to Interrogatory No. 23 in that it lacks specificity.

**INTERROGATORY NO. 24:** What regulation/guideline do you use, or other known training and practice do you follow when using excessive force? Or do you just use what you know?

**ANSWER:** Defendant objects to Interrogatory No. 24 in that it is duplicative. Notwithstanding said objection, Defendant would refer the Plaintiff to his Response to Interrogatory No. 12.

**INTERROGATORY NO. 25:** Have you ever been diagnosed with any mental, social, emotional disorder? If so, state facts and circumstances.

**ANSWER:** Defendant objects to Interrogatory No. 25 in that it seeks information which is irrelevant or not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 26:** Have you ever been repremanded (sic) or diciplined (sic) for your actions regarding the occurance (sic) complained about.

**ANSWER:** Defendant objects to Interrogatory No. 26 in that it lacks specificity. In addition, Defendant further objects in that said Interrogatory seeks information which is irrelevant or is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects in that Plaintiff has exceeded the Interrogatory limit established by Rule 33 of the Fed. R. Civ. P.

**INTERROGATORY NO. 27**: Have you ever answerd (sic) to any investigation regarding the occurance (sic) complained about? If so, was investigating and what were questin (sic) and answers?

**ANSWER:** Defendant objects to Interrogatory No. 27 in that said Interrogatory lacks specificity. Defendant further objects in that Plaintiff has exceeded the Interrogatory limit established by Rule 33 of the Fed. R. Civ. P.

**INTERROGATORY NO. 28:** What is the strength of your stick?

**ANSWER:** Defendant objects to Interrogatory No. 28 in that it lacks specificity and it is seeking information which is irrelevant or not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, Defendant further objects in that Plaintiff has exceeded the Interrogatory limit established by Rule 33 of the Fed. R. Civ. P.

**INTERROGATORY NO. 29:** What type of mace did you use?

**ANSWER:** Defendant objects to Interrogatory No. 29 in that it lacks specificity and it is seeking information which is irrelevant or not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, Defendant further objects in that Plaintiff has exceeded the Interrogatory limit established by Rule 33 of the Fed. R. Civ. P.

**INTERROGATORY NO. 30:** Did you not think the Plaintiff was injured after your and Chaussee's actions against him?

**ANSWER:** Defendant objects to Interrogatory No. 30 in that it lacks specificity. In addition, Defendant further objects in that Plaintiff has exceed the Interrogatory limit established by Rule 33 of the Fed. R. Civ. P.

RESPECTFULLY SUBMITTED, this the 13th of February, 2006.

                      <u>/s/Doug Byers</u>
                      **DOUG BYERS**

STATE OF MISSISSIPPI

COUNTY OF HARRISON

DOUG BUYERS, being first duly sworn on his oath, deposes and says that he has read the foregoing answers to interrogatories in his official and individual capacities, and he subscribes and knows the contents thereof, that said responses were prepared with the advice and assistance of counsel, that the responses set forth herein, subject to inadvertent or undiscovered errors, are based on and therefore necessarily limited by the records and information still in existence, presently recollected and thus far discovered in the course of the preparation of these responses; that consequently, he reserves the right to make any changes in the responses if it appears at any time that omissions or errors have been made therein or that more accurate information is available and that subject to the limitations as set forth herein, said responses are true and correct to the best of his knowledge, information and belief.

Witness my signature, this the 13th day of February, 2006.

                                                 */s/Doug Byers*  
                                               **DOUG BYERS**

SWORN TO AND SUBSCRIBED BEFORE ME, this the 13th day of February, 2006.

                                               */s/Cheryl S. Hicks*  
                                               NOTARY PUBLIC

My Commission Expires: 03/09/07

**DOUG BYERS, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES, Defendant**

**AS TO OBJECTIONS:**

BY:  **DUKES, DUKES, KEATING & FANECA, P.A.**

BY:  */s/Cy Faneca*
CY FANECA, MSB #5128
HALIL "SUL" OZERDEN, MSB #99220

Cy Faneca, MSB #5128
Halil "Sul" Ozerden, MSB #99220
**DUKES, DUKES, KEATING & FANECA, P.A.**
14094 Customs Boulevard, Suite 100
Post Office Drawer W
Gulfport, Mississippi  39503
**Telephone:**  (228) 868-1111
**Facsimile:**   (228) 863-2886

## CERTIFICATE OF SERVICE

I, CY FANECA, do hereby certify that I have this day delivered, via United States Mail, postage fully pre-paid, a true and correct copy of the above and foregoing pleading to the following:

Armstrong Jacob Knight, #100175
S.M.C.I. II, Building E, A-Zone, Bed #46
Post Office Box 1419
Leakesville, Mississippi  39451

This, the 1st day of March, 2006.

*/s/Cy Faneca*
CY FANECA