IN THE UNITED STATES DISTRICT COURT
OF THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ARMSTRONG JACOB KNIGHT, #100175**                                       **PLAINTIFF**

vs.                                                        CIVIL ACTION NO. 1:05cv186LG-JMR

**SHERIFF GEORGE PAYNE, JR., et al.**                                     **DEFENDANTS**

### ANSWER OF DEFENDANT, BETH DESPER, TO PLAINTIFF'S INTERROGATORIES

COMES NOW, Defendant Beth Desper, in her Official and Individual capacities, by and through her attorneys, Dukes, Dukes, Keating & Faneca, P.A., and pursuant to the Fed. R. Civ. P. files this her Answers to Plaintiff's First Set of Interrogatories as follows, to-wit:

Defendant reserves her right to amend and supplement these Answers as investigation and discovery continue.

**INTERROGATORY NO. 1:**   Please identify yourself fully giving your full name, any alises (sic), age, date of birth, and Social Security Number. If you have changed your name, please provide your legal birth name, also your last known address(es) for the past ten years, with reason for moving.

**ANSWER:**   Defendant objects to Interrogatory No. 1 in that it seeks information which is irrelevant or not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding said objection, Defendant would state that her full name is Beth A. Desper, 10451 Larkin Smith Drive, Gulfport, Mississippi 39503.

1



**INTERROGATORY NO. 2:** Have you ever been convicted of a felony or mistomeanor (sic) criminal offense? If your answer is in the affirmative, please furnish specifics concerning each offense, including the date, place, disposition of case, cause no., court and sentence imposed. Also, include the same regarding ever being placed on probation or parole as a result of any Court apperance (sic), weither (sic) or not the conviction or offense/incodent (sic) has ever been erased or expunged from any record.

**ANSWER:** Defendant would state that she has not ever been convicted of a felony or misdemeanor.

**INTERROGATORY NO. 3:** Have you ever been involved, as a Plaintiff or Defendant in any other lawsuits, consent decrees or any other claims and/or civil actions, for claims of monetary or injunctive relief?

If your answer is in the affirmative, please furnish specifics concerning each allegation of any such lawsuits, actions or claims, including the name of all parties thereto, the court, state, county and case number under which the lawsuit was filed, and the disposition of the case.

**ANSWER:** Defendant objects to Interrogatory No. 3 in that it is unduly burdensome, and it seeks information which is irrelevant or not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding said objection, Defendant would state that any suit filed against her is a matter of public record, and is on file at the United States District Court or the Circuit Court of Harrison County, Mississippi.

**INTERROGATORY NO. 4 (sic):** Are you now, or have you ever been married? If your answer is in the affirmative, please list the maden (sic) and married name of your past

or present spouse(s); last known address(es), telephone number(s), and place(s) of marrage(sic)(s); and reason(s) for the termination of the marrage(sic)(s). Please provide the same information for any children you have, weither (sic) or not if you had them with one of your spouses.

**ANSWER:** Defendant objects to Interrogatory No. 4 in that it seeks information which is irrelevant or not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 5 (sic):** Please identify, by name, address (sic), and telephone number, giving the full and true identity of all persons including name, alises (sic), age, date, of birth and Social Security number with any changed and/legal birth name, all witnesses you will or may call at trial.

**ANSWER:** Defendant would state that there are no such witnesses to identify at this early stage of discovery, however, Defendant reserves his right to call any party or any individual identified in any party's discovery responses, and to supplement this Answer at a later date in accordance with the Fed. R. Civ. P.

**INTERROGATORY NO. 6 (sic):** Please list and identify each indivisual (sic) whom you propose to call as an expert witness at the trial of this Cause, state the subject matter on which the expert is exspected (sic) to testify, the substance of the facts and opinions to which the expert is exspected (sic) to testify, and a summary of the grounds for each such opinion. Please also furnish as a part of your answer to this interrogatory, a resume or ciriculum (sic) vitae of each proposed expert witness.

**ANSWER:** Defendant would state that there are no such witnesses to identify at this early age of discovery, however, Defendant reserves her right to supplement this

Answer at a later date in accordance with the Fed. R. Civ. P.

**INTERROGATORY NO. 7:** How long have you worked at your current employment, have you ever worked for any other agency, for the government.

If your answer is in the affirmative, state the outfit(s), position(s) and lenth (sic) of employment, state the reason you no longer work for your former employment(s) what the style of termination(s) were.

**ANSWER:** Defendant would state that she has been a classifications officer with the Harrison County Adult Detention Center since September of 2001.

**INTERROGATORY NO. 8:** Under your current employment, whare (sic) are you assigned, what do all your duties consist of, what is all you have under your control, what do you oporate (sic) under a daily basis and what are all the facts and circumstances surrounding your employment. Also, if you have changed your position, rank, etc. throughout your employment state the changes, when they were made, if you have been demoted state the reason.

**ANSWER:** Defendant objects to Interrogatory No. 8 in that it seeks information which is irrelevant or not reasonably calculated to lead to the discovery of admissible information. Notwithstanding said objection, Defendant would refer Plaintiff to her Response to No. 7 .

**INTERROGATORY NO. 9 :** Have you ever been fired, impeached, suspended, voluntarily resigned or disiplined (sic) administratively during any previous employment, or your current employment regarding acts or omissions made by you weither (sic) intently or not?

If your answer is in the affirmative, please attach and identify as part of your answer

4

to this interrogatory, any reports, documents and effects related to such, including the concerns to disposition and disclose the relevant facts and circumstances related therein.

**ANSWER:** Defendant would state that she has never been fired, impeached, suspended, voluntarily resigned, or disciplined administratively.

**INTERROGATORY NO. 10:** Did you ever make any narritive (sic), report, entry, any whare (sic) regarding the issues outlined in the initial and amended complaint made against you?

If your answer is in the affirmative, how many, what types, whare (sic) are they held, what do they concern and are they 100% true and factual to the matters you come to know?

**ANSWER:** Defendant would state that said documents do not exist.

**INTERROGATORY NO. 11:** Have you ever been found, (with or without any type of repremand (sic) or punishment imposed) by any Court or Official authority to have comitted (sic) any kind of purjury? (i.e. verbal testimony, written interrogatory, etc.).

If so, state how many times, in what way they were committed and who was the fing (sic) authorities and facts and circumstances.

**ANSWER:** Defendant would state that she has never been found to have committed any kind of perjury.

**INTERROGATORY NO. 12:** Besides sgt. Elaine Lege, who were the other two officers who were standing by you waching [sic] the plaintiff be beatten [sic]?

**ANSWER:** Defendant objects to Interrogatory No. 12 in that it lacks specificity. Subject to the foregoing, Defendant denies that Plaintiff was ever subjected to any excessive force.

5

**INTERROGATORY NO. 13 :** How offten [sic] (estimate) do you say, the plaintiff's abuse as outlined in the initial and Amended Complaint was brought up, made fun of, discussed or otherwise referd [sic] to after it happend [sic]? (Notice: Officers that had not been there would know about what happend [sic] and tell me or ask me about it) (even Woullard would talk about it.)

**ANSWER:** Defendant objects to Interrogatory No. 13 in that it lacks specificity and seeks information which is irrelevant or not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 14:** Who is your supervisor? If you have more than one, or you have a claim of supervisors, list them and explain.

**ANSWER:** Defendant's present supervisor is Mark McGowin.

**INTERROGATORY NO. 15:** Why dident (sic) you get the Plaintiff a doctor or nurse?

**ANSWER:** Defendant objects to Interrogatory No. 15 in that it lacks specificity.

**INTERROGATORY NO. 16:** How did it make you feel when the plaintiff started calling St. Woullard a murderer when he stop choking the plaintiff, and do you consider such activity sound or professional?

**ANSWER:** Defendant objects to Interrogatory No. 16 in that it lacks specificity. In addition, Defendant would object in that said Interrogatory is seeking information which is irrelevant or not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing, Defendant denies that Plaintiff was subjected to any excessive force.

**INTERROGATORY NO. 17:** Who was the other inmate beaten, and why was he beaten?

**ANSWER:** Defendant objects to Interrogatory No. 17 in that it lacks specificity. In addition, Defendant objects in that said Interrogatory is seeking information which is irrelevant or not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 18:** Why did you just watch the plaintiff be beaten and/or handled like he was?

**ANSWER:** Defendant objects to Interrogatory No. 18 in that it lacks specificity. Subject to the foregoing, Defendant denies that Plaintiff was ever subjected to excessive force.

**INTERROGATORY NO. 19:** Why were you on B-Block D-Section on Nov. 7th 2002?

**ANSWER:** Defendant would state that she was not present in this section.

**INTERROGATORY NO. 20:** If you feel you did not have the authority to intervene because abusing officers were your superiors, explain.

**ANSWER:** Defendant objects to Interrogatory No. 20 in that it lacks specificity. Notwithstanding said objection Defendant would state that she was not present in this section.

**INTERROGATORY NO. 21:** Have you ever answerd (sic) to any investigative questins (sic) regarding the inccodent (sic) complained of?

**ANSWER:** Defendant objects to Interrogatory No. 21 in that said Interrogatory lacks specificity.

**INTERROGATORY NO. 22:** Have you ever been repremanded (sic) for your actions regarding the occurance (sic) complained about.

**ANSWER:** Defendant objects to Interrogatory No. 22 in that it is lacking specificity. In addition, Defendant further objects in that said Interrogatory seeks information which is irrelevant or is not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 23:** How many beatings have you wached (sic) or seen and who was the abusing officer?

**ANSWER:** Defendant objects to Interrogatory No. 23 in that it lacks specificity. In addition, Defendant further objects in that said Interrogatory is seeking information which is irrelevant or not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 24:** Did you not think the Plaintiff was injured after being treated how he was by Rogers, Woullard, Clark?

**ANSWER:** Defendant objects to Interrogatory No. 24 in that it lacks specificity. Notwithstanding said objection Defendant would state she was not present in this section.

**INTERROGATORY NO. 25:** Did you fail to intervene because the abusing officers were superiors or there was to (sic) much violence to say or do anything? If so, explain.

**ANSWER:** Defendant objects to Interrogatory No. 25 in that it is duplicative and lacks specificity. Notwithstanding said objection, Defendant would refer Plaintiff to Defenant's Answer to Interrogatory No. 20.

RESPECTFULLY SUBMITTED, this the _____ of February, 2006.

_/s/Beth Desper_
**BETH DESPER**

STATE OF MISSISSIPPI

COUNTY OF HARRISON____

    Beth Desper, being first duly sworn on her oath, deposes and says that she has read the foregoing answers to interrogatories in her official and individual capacities, and she subscribes and knows the contents thereof, that said responses were prepared with the advice and assistance of counsel, that the responses set forth herein, subject to inadvertent or undiscovered errors, are based on and therefore necessarily limited by the records and information still in existence, presently recollected and thus far discovered in the course of the preparation of these responses; that consequently, she reserves the right to make any changes in the responses if it appears at any time that omissions or errors have been made therein or that more accurate information is available and that subject to the limitations as set forth herein, said responses are true and correct to the best of her knowledge, information and belief.

    Witness my signature, this the 15th day of February, 2006.

                                                   /s/Beth Desper
                                                 **BETH DESPER**

    SWORN TO AND SUBSCRIBED BEFORE ME, this the 15th day of February, 2006.

                                                 /s/Cheryl H. Hicks
                                                 NOTARY PUBLIC

My Commission Expires: 03/09/07

BETH DESPER, IN HER OFFICIAL AND INDIVIDUAL CAPACITIES, Defendant

AS TO OBJECTIONS:

BY: DUKES, DUKES, KEATING & FANECA, P.A.

BY: _/s/Cy Faneca_
CY FANECA, MSB #5128
HALIL "SUL" OZERDEN, MSB #99220

Cy Faneca, MSB #5128
Halil "Sul" Ozerden, MSB #99220
**DUKES, DUKES, KEATING & FANECA, P.A.**
14094 Customs Boulevard, Suite 100
Post Office Drawer W
Gulfport, Mississippi 39503
**Telephone:** (228) 868-1111
**Facsimile:** (228) 863-2886

## CERTIFICATE OF SERVICE

I, CY FANECA, do hereby certify that I have this day delivered, via United States Mail, postage fully pre-paid, a true and correct copy of the above and foregoing pleading to the following:

Armstrong Jacob Knight, #100175
S.M.C.I. II, Building E, A-Zone, Bed #46
Post Office Box 1419
Leakesville, Mississippi 39451

This, the 1st day of March, 2006.

_/s/Cy Faneca_
CY FANECA