## IN THE UNITED STATES DISTRICT COURT
## OF THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**ARMSTRONG JACOB KNIGHT, #100175**                          **PLAINTIFF**

**vs.**                                    **CIVIL ACTION NO. 1:05cv186LG-JMR**

**SHERIFF GEORGE PAYNE, JR., et al.**                          **DEFENDANTS**

### ANSWERS OF DEFENDANT, JUSTIN RICHARDS,
### TO PLAINTIFF'S INTERROGATORIES

COMES NOW, Defendant Justin Richards, in his Official and Individual capacities, by and through his attorneys, Dukes, Dukes, Keating & Faneca, P.A., and pursuant to the Fed. R. Civ. P. files this his Answers to Plaintiff's First Set of Interrogatories as follows, to-wit:

Defendant reserves his right to supplement these Answers as investigation as discovery continue.

**INTERROGATORY NO. 1:**        Please identify yourself fully giving your full name, any alises (sic), age, date of birth, and Social Security Number. If you have changed your name, please provide your legal birth name, also your last known address(es) for the past ten years, with reason for moving.

**ANSWER:**    Defendant objects to Interrogatory No. 1 in that it seeks information which is irrelevant or not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding said objection, Defendant would state that his full name is Justin Michael Richards, 10451 Larkin Smith Drive, Gulfport, Mississippi 39503.

1



**INTERROGATORY NO. 2:**    Have you ever been convicted of a felony or mistomeanor (sic) criminal offense?  If your answer is in the affirmative, please furnish specifics concerning each offense, including the date, place, disposition of case, cause no., court and sentence imposed.  Also, include the same regarding ever being placed on probation or parole as a result of any Court apperance (sic), weither (sic) or not the conviction or offense/incodent (sic) has ever been erased or expunged from any record.

**ANSWER:**    Defendant would state that he has not ever been convicted of a felony or misdemeanor.

**INTERROGATORY NO. 3:**    Have you ever been involved, as a Plaintiff or Defendant in any other lawsuits, consent decrees or any other claims and/or civil actions, for claims of monetary or injunctive relief?

If your answer is in the affirmative, please furnish specifics concerning each allegation of any such lawsuits, actions or claims, including the name of all parties thereto, the court, state, county and case number under which the lawsuit was filed, and the disposition of the case.

**ANSWER:**    Defendant objects to Interrogatory No. 3 in that it is unduly burdensome, and it seeks information which is irrelevant or not reasonably calculated to lead to the discovery of admissible evidence.  Notwithstanding said objection, Defendant would state that any suit filed against him is a matter of public record, and is on file at the United States District Court or the Circuit Court of Harrison County, Mississippi.

**INTERROGATORY NO. 4 (sic):**    Are you now, or have you ever been married?  If your answer is in the affirmative, please list the maden (sic) and married name of your past

or present spouse(s); last known address(es), telephone number(s), and place(s) of marrage(sic)(s); and reason(s) for the termination of the marrage(sic)(s). Please provide the same information for any children you have, weither (sic) or not if you had them with one of your spouses.

**ANSWER:**   Defendant objects to Interrogatory No. 4 in that it seeks information which is irrelevant or not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 5 (sic):** Please identify, by name, address (sic), and telephone number, giving the full and true identity of all persons including name, alises (sic), age, date, of birth and Social Security number with any changed and/legal birth name, all witnesses you will or may call at trial.

**ANSWER:**   Defendant would state that there are no such witnesses to identify at this early stage of discovery, however, Defendant reserves his right to call any party or any individual identified in any party's discovery responses, and to supplement this Answer at a later date in accordance with the Fed. R. Civ. P.

**INTERROGATORY NO. 6 (sic):**   Please list and identify each indivisual (sic) whom you propose to call as an expert witness at the trial of this Cause, state the subject matter on which the expert is exspected (sic) to testify, the substance of the facts and opinions to which the expert is exspected (sic) to testify, and a summary of the grounds for each such opinion. Please also furnish as a part of your answer to this interrogatory, a resume or ciriculum (sic) vitae of each proposed expert witness.

**ANSWER:**   Defendant would state that there are no such witnesses to identify at this early stage of discovery, however, Defendant reserves his right to supplement this

Answer at a later date in accordance with the Fed. R. Civ. P.

**INTERROGATORY NO. 7:**    How long have you worked at your current employment, have you ever worked for any other agency, for the government.

If your answer is in the affirmative, state the outfit(s), position(s) and lenth (sic) of employment, state the reason you no longer work for your former employment(s) what the style of termination(s) were.

**ANSWER:**    Defendant would state that he has worked for the Harrison County Sheriff's Department for a total of ten (10) years.  Defendant would also state he has never worked for any other governmental agency.

**INTERROGATORY NO. 8:**    Under your current employment, whare (sic) are you assigned, what do all your duties consist of, what is all you have under your control, what do you oporate (sic) under a daily basis and what are all the facts and circumstances surrounding your employment.  Also, if you have changed your position, rank, etc. throughout your employment state the changes, when they were made, if you have been demoted state the reason.

**ANSWER:**    Defendant would state he is a Field Training Officer at the Adult Detention Center.  Defendant's primary duties include training new officers how to work in a correctional facility and as working as a floor officer.  Defendant would further state he has held the following positions in the Sheriff's Department:  Reserve Patrolman (May, 1995-November, 1996), Corrections Officer (November,1996- November,1997; June, 2001-January, 2003; July, 2003-Present), Juvenile Corrections Officer (November,1997-June, 2001); Patrolman (January, 2003-July, 2003).  Defendant has never been demoted.

**INTERROGATORY NO. 9:**    Have you ever been fired, impeached, suspended,

voluntarily resigned or disiplined (sic) administratively during any previous employment, or your current employment regarding acts or omissions made by you weither (sic) intently or not?

If your answer is in the affirmative, please attach and identify as part of your answer to this interrogatory, any reports, documents and effects related to such, including the concerns to disposition and disclose the relevant facts and circumstances related therein.

**ANSWER:** Defendant would state that he has never been fired, impeached, suspended, voluntarily resigned, or disciplined administratively.

**INTERROGATORY NO. 10 :** Did you ever make any narritive (sic), report, entry, any whare (sic) regarding the issues outlined in the initial and amended complaint made against you?

If your answer is in the affirmative, how many, what types, whare (sic) are they held, what do they concern and are they 100% true and factual to the matters you come to know?

**ANSWER:** Defendant objects to Interrogatory No. 10 in that it is overly broad and lacks specificity. Notwithstanding said objection, Defendant would state that said documents do not exist.

**INTERROGATORY NO. 11 :** Why did you put handcuffs and shackles on the plaintiff? Or why did you agree to put handcuffs on the plaintiff?

**ANSWER:** Defendant objects to Interrogatory No. 11 as it is vague and lacks specificity. In addition, Defendant objects to this Interrogatory in that it is overly broad and not limited in time and scope.

**INTERROGATORY NO. 12:** Admit you were employed and on duty with the

5

"H.C.A.D.C." on or about November 7th, 2002.

**RESPONSE:**        Defendant objects to Interrogatory No. 12 in that it seeks an

Admission instead of information as is appropriate in Interrogatory Requests. Subject to

the foregoing, Defendant would state he was employed and on duty on said day.

**INTERROGATORY NO. 13 (sic):** Have you ever been found (with or without any

type of repremand (sic) or punishment imposed) by any Court or official authority to have

committed any kind of purjury? (i.e. written interrogatory, virbal (sic) testimony, etc.)

If so, state how many times, in what way they were comitted and the finding

authority with the facts and circumstances.

**ANSWER:**   Defendant would state that he has never been found to have

committed any kind of perjury.

**INTERROGATORY NO. 14 (sic):** How often (estimate) do you say, the plaintiffs

abuse as outlined in the initial and amended complaint was, brought up, made fun of,

discussed or otherwise refered (sic) to after it happend (sic)?

**ANSWER:**    Defendant objects to Interrogatory No. 14 in that it lacks specificity and

it seeks information which is irrelevant or not reasonably calculated to lead to discovery of

admissible evidence.  Notwithstanding said objection, Defendant denies the Plaintiff was

ever subjected to excessive force or made fun of.

**INTERROGATORY NO. 15 (sic):** Who is your supervisor?  If you have more than

one or a chain of supervisors, list them and explain.

**ANSWER:**    Defendant objects to Interrogatory No. 15 in that it seeks information

which is irrelevant or not reasonably calculated to lead to the discovery of admissible

evidence.  Notwithstanding said objection, Defendant would state the chain of command

6

from lowest to highest is: Sergeant Kenneth Rogers, Sergeant Elaine Legge, Sergeant Annie Kelly, Sergeant Nathan Ellsberry, Sergeant Earnest Thomas, Sergeant Earl Leonard, Captain Phil Taylor, Major Diane Gatson-Riley, and Sheriff George Payne.

**INTERROGATORY NO. 16 (sic):**  Why dident (sic) you get the plaintiff a doctor or nurse?

**ANSWER:**    Defendant objects to this Interrogatory No. 16 in that it lacks specificity.

**INTERROGATORY NO. 17 [SIC]:**       Admit what you seen the plaintiff be put through was unnecessary and unreasonable as is appropriate in Interrogatory Requests.

**ANSWER:**    Defendant objects to Interrogatory No. 17 in that it lacks specificity, and Plaintiff is seeking an Admission instead of information as is appropriate in Interrogatory Requests.

**INTERROGATORY NO. 18 (sic):**  How did it make you feel when the plaintiff started calling Sgt. Woullard a murderer when he stop choking the plaintiff and do you consider such activity to be sound or professional?

**ANSWER:**    Defendant objects to Interrogatory No. 18 in that it lacks specificity, and it is seeking information which is irrelevant or not reasonably calculated to lead to discovery of admissible evidence.  Subject to the foregoing, Defendant denies that Plaintiff was subjected to any excessive force.

**INTERROGATORY NO. 19(sic):**  Who was the other inmate beaten and why was he beaten?

**ANSWER:**    Defendant objects to Interrogatory No. 19 in that it lacks specificity, and it is seeking information which is irrelevant or not reasonably calculated to lead to

discovery of admissible evidence.

**INTERROGATORY NO. 20 (sic):**    Why did you just wach (sic) the plaintiff be handled how he was?

**ANSWER:**    Defendant objects to Interrogatory No. 20 in that it lacks specificity. Subject to the foregoing, Defendant denies that Plaintiff was ever subjected to excessive force.

**INTERROGATORY NO. 21 (sic):** Were you on B-Block, D-Section on November 7, 2002?

**ANSWER:**    Defendant objects to this Interrogatory as overly broad and not limited in time and scope.  Subject to the foregoing, as best as this Defendant can recall, he believes he had been on B-Block, D-Section sometime during the day on November 7, 2002.

**INTERROGATORY NO. 22 (sic):** When the Plaintiff was on the floor, face down, how great do you feel he was a threat before putting handcuffs and shackles on him?

**ANSWER:**    Defendant objects to Interrogatory No. 22 in that it lacks specificity. Subject to the foregoing, this Defendant never placed any handcuffs or shackles on Plaintiff.

**INTERROGATORY NO. 23 (sic):** Whare (sic) did you get the handcuffs and shackles from?

**ANSWER:**    Defendant objects to Interrogatory No. 23 in that it is vague and lacks specificity.  In addition, Defendant further objects to this Interrogatory in that it seeks information which is irrelevant or not reasonably calculated to lead to discovery of

admissible evidence.

**INTERROGATORY NO. 24 (sic)**: Admit you were employed and on duty in "H.C.A.D.C." on or about November 7, 2002 being the day complained about.

**ANSWER:**    Defendant objects to Interrogatory No. 24 in that it is duplicative, and it seeks an Admission instead of information as is appropriate when propounding Interrogatory Requests.

**INTERROGATORY NO. 25 (sic)**: Admit what you seen the plaintiff be put through was unnecessary and unreasonable.

**ANSWER:**    Defendant objects to Interrogatory No. 24 in that it lacks specificity, and it seeks an Admission instead of information as is appropriate when propounding Interrogatory Requests.  Subject to the foregoing, Defendant denies that Plaintiff was subjected to excessive force.

**INTERROGATORY NO. 26 (sic)**: Have you ever answerd (sic) any investigative questins (sic) regarding the incodent (sic) complained about?  If so, state all facts and circumstances.

**ANSWER:**    Defendant objects to Interrogatory No. 26 in that it lacks specificity. Defendant further objects to this Interrogatory in that Plaintiff has exceeded the Interrogatory limit established by Rule 33 of the Fed. R. Civ. P.

**INTERROGATORY NO. 27 (sic)**: Were you ever repremanded (sic) for your actions?

**ANSWER:**    Defendant objects to Interrogatory No. 27 in that it lacks specificity. Defendant further objects to this Interrogatory in that Plaintiff has exceeded the

Interrogatory limit established by Rule 33 of the Fed. R. Civ. P.

**INTERROGATORY NO. 28 (sic):**  How many beatings have you seen, or wached (sic) and who was being abusive.

**ANSWER:**   Defendant objects to Interrogatory No. 28 in that it lacks specificity. Defendant further objects to this Interrogatory in that Plaintiff is seeking information which is irrelevant or not reasonably calculated to lead to discovery of admissible evidence. Defendant further objects to this Interrogatory in that Plaintiff has exceeded the Interrogatory limit established by Rule 33 of the Fed. R. Civ. P.

**INTERROGATORY NO. 29 (sic):** Did you not think the Plaintiff was injured after being treated how he was by Rogers, Woullard and Clark?

**ANSWER:**   Defendant objects to Interrogatory No. 29 in that it lacks specificity. Defendant further objects to this Interrogatory in that Plaintiff has exceeded the Interrogatory limit established by Rule 33 of the Fed. R. Civ. P.

**INTERROGATORY NO. 30 (sic):** Did you fail to intervene because the abusing officers were superiors, or there was to (sic) much violence to say, or do anything?  If so, explain.

**ANSWER:**   Defendant objects to Interrogatory No. 30 in that it lacks specificity. Defendant further objects to this Interrogatory in that Plaintiff has exceeded the Interrogatory limit established by Rule 33 of the Fed. R. Civ. P.

RESPECTFULLY SUBMITTED, this the _____ of February, 2006.

_____

**JUSTIN RICHARDS**

STATE OF MISSISSIPPI

COUNTY OF HARRISON____

Justin Richards, being first duly sworn on his oath, deposes and says that he has read the foregoing answers to Interrogatories in his official and individual capacities, and he subscribes and knows the contents thereof, that said responses were prepared with the advice and assistance of counsel, that the responses set forth herein, subject to inadvertent or undiscovered errors, are based on and therefore necessarily limited by the records and information still in existence, presently recollected and thus far discovered in the course of the preparation of these responses; that consequently, he reserves the right to make any changes in the responses if it appears at any time that omissions or errors have been made therein or that more accurate information is available and that subject to the limitations as set forth herein, said responses are true and correct to the best of his knowledge, information and belief.

Witness my signature, this the _____ day of February, 2006.

_____
**JUSTIN RICHARDS**

SWORN TO AND SUBSCRIBED BEFORE ME, this the ___ day of February, 2006.

_____
NOTARY PUBLIC

My Commission Expires:

_____

JUSTIN RICHARDS, IN HIS OFFICIAL AND INDIVIDUAL
CAPACITIES, Defendant

AS TO OBJECTIONS:

BY:    DUKES, DUKES, KEATING & FANECA, P.A.


BY:    */s/Cy Faneca*
       CY FANECA, MSB #5128
       HALIL "SUL" OZERDEN, MSB #99220


Cy Faneca, MSB #5128
Halil "Sul" Ozerden, MSB #99220
**DUKES, DUKES, KEATING & FANECA, P.A.**
14094 Customs Boulevard, Suite 100
Post Office Drawer W
Gulfport, Mississippi  39503
**Telephone:**  (228) 868-1111
**Facsimile:**   (228) 863-2886


## CERTIFICATE OF SERVICE

I, CY FANECA, do hereby certify that I have this day delivered, via United States
Mail, postage fully pre-paid, a true and correct copy of the above and foregoing
pleading to the following:

> Armstrong Jacob Knight, #100175
> S.M.C.I. II, Building E, A-Zone, Bed #46
> Post Office Box 1419
> Leakesville, Mississippi  39451

This, the ____day of February, 2006.


       */s/Cy Faneca*
       CY FANECA